STATE of Iowa, Appellee,

v.

George Harvey GRAVES, Jr., Appellant.

No. 91–1753.

Supreme Court of Iowa.

Oct. 21, 1992.

Andrew H. Torgerson, Mason City, for appellant.

Bonnie J. Campbell, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., Paul L. Martin, County Atty., and Gregg R. Rosenbladt, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, SNELL and ANDREASEN, JJ.

SCHULTZ, Justice.

We granted defendant George Harvey Graves, Jr.'s application for discretionary review of a district court ruling adjudicating a point of law. The sole issue on review is whether the crime of lascivious acts with a child, Iowa Code section 709.8,[1] constitutes a forcible felony as defined in Iowa Code section 702.11. This issue assumes importance because the sentencing options of a deferred judgment, deferred sentence or suspended sentence do "not apply to a forcible felony." Iowa Code § 907.3.

Defendant was charged by trial information with the crimes of "lascivious acts with a child" in violation of sections 709.-8(1), (2), and (3), and indecent contact with a child in violation of Iowa Code section 709.12. These charges stem from allegations involving his nine-year old stepdaughter. The district court held that a violation of sections 709.8(1), (2), and (3) constitutes a forcible felony. Because we disagree with this conclusion we reverse and remand.

We first examine the definition of a "forcible felony." Iowa Code section 702.11 provides:

A *"forcible felony"* is any felonious child endangerment, assault, murder, sexual abuse other than sexual abuse in the third degree committed between spouses or in violation of section 709.4, subsection 2, paragraph *"c"*, subparagraph (4), kidnapping, robbery, arson in the first degree, or burglary in the first degree.

The district court reasoned that the crime of lascivious acts with a child constituted a forcible felony because it met the definition of sexual abuse under section 709.1. Because sexual abuse is a forcible felony under section 702.11, the court concluded lascivious acts with a child must also be a forcible felony.

In reaching this conclusion, the district court examined several statutes and their relationship to each other. We now consider these statutes.

1. All references are to the 1991 Iowa Code.

Section 709.8, lascivious acts with a child, provides in part:

It is unlawful for any person eighteen years of age or older to perform any of the following acts with a child with or without the child's consent unless married to each other, for the purpose of arousing or satisfying the sexual desires of either of them:

1. Fondle or touch the pubes or genitals of a child.

2. Permit or cause a child to fondle or touch the person's genitals or pubes.

3. Solicit a child to engage in a sex act. . . .

For purposes of criminal law, procedure and corrections, a child is a person under the age of fourteen years. Iowa Code section 702.5.

Section 709.1(3) defines sexual abuse as a "sex act" between persons under specified circumstances including an occasion when the "other participant is a child." As defined, the term "sex act" means any sexual contact between persons and individual body parts including "contact between the finger or hand of one person and the genitalia ... of another...." Iowa Code § 702.17.

The district court decided that lascivious acts with a child as defined in sections 709.8(1) and (2), involve performance of a sex act. The court concluded that section 709.8 is a part of the chapter on sexual abuse. Indeed, the State urges that the first two alternates of section 709.8 are offenses of sexual abuse.

Defendant admits the conduct with which he is charged constitutes a "sex act" as defined in section 702.17 and "sexual abuse" as defined in 709.1(3). Defendant argues that the crime of "lascivious acts with a child" is not the equivalent of "sexual abuse" as that term is used in defining a forcible felony in section 702.11.

We agree with defendant's position for three reasons. First, the legislature defined a "forcible felony" to be any

of eight specified crimes including sexual abuse. Iowa Code § 702.11. This list did not include the crime of lascivious acts with a child. Ordinarily, the court may not, under the guise of judicial construction, add modifying words to a statute or change its terms. *Kelly v. Brewer*, 239 N.W.2d 109, 114 (Iowa 1976). To interpret section 702.11 to include lascivious acts with a child is to modify this section under the guise of construction.

 Second, we cannot accept a theory that interprets the crime of sexual abuse, as used in section 702.11, to be the equivalent or the same as the crime of lascivious acts with a child. Although defendant's conduct constitutes "sexual abuse" as defined in section 709.1, this section simply defines sexual abuse; it does not make sexual abuse a crime. 4 J. Yeager and R. Carlson, *Iowa Practice* § 207 (1979).

Sexual abuse is criminalized in Iowa Code sections 709.2, .3, and .4, sexual abuse in the first, second, and third degree. Each individual heading to these sections begins with the term "[s]exual abuse" and the body of each section begins with the recitation "[a] person commits sexual abuse ..." and specifies the degree and required proof. Each of these sections require proof of elements [2] not found in the definition of sexual abuse, section 709.1, or in the crime of lascivious acts with a child, section 709.8. Each section concludes by stating "[s]exual abuse ... is a ... felony." The heading to section 709.8 refers only to "[l]ascivious acts with a child" and the body of this section makes no reference to the crime of sexual abuse. The plain language of these sections indicates a legislative intent to provide for three individual crimes of sexual abuse and a separate crime of lascivious acts with a child. An interpretation deducing the crime of lascivious acts with a child to be an offense of sexual abuse is repugnant to this language.

 Third, an interpretation of the statutes that deems lascivious acts with a child as a forcible felony is inconsistent with a provision in section 907.3. Section 907.3 provides sentencing options, but is expressly inapplicable to a forcible felony. This section also denies the option of a deferred judgment if the "offense is a violation of section 709.8 and the child is twelve years of age or under."

 This later exception would be superfluous, if we deemed the crime of lascivious acts with a child a forcible felony. We avoid statutory construction which renders a part of the statute superfluous or redundant, and instead we presume that each part of the statute has a purpose. *George H. Wentz, Inc. v. Sabasta*, 337 N.W.2d 495, 500 (Iowa 1983). This is further reason to support an interpretation that the crime of lascivious acts with a child is not a forcible felony.

For the reasons stated, we hold the district court erred in its ruling that the crime of lascivious acts as charged is a forcible felony and ineligible for the sentencing options provided in section 907.3. We reverse and remand for further proceedings in accordance with our holding.

REVERSED AND REMANDED.

---

**2.** Section 709.2 requires proof of a serious injury; section 709.3 requires proof of any of three other designated circumstances; and section 709.4 provides its own definition of sexual abuse.