# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3730

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Constantino Garcia-Juarez, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: June 22, 2005
Filed: August 29, 2005

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Constantino Garcia-Juarez pleaded guilty to being found in the United States after a prior deportation in violation of 8 U.S.C. § 1326(a). At sentencing, over the government's objection, the district court determined that Garcia-Juarez's prior conviction for Lascivious Acts With a Child in violation of Iowa Code § 709.8 was an aggravated felony, but not a crime of violence under U.S.S.G. § 2L1.2(b)(1)(B). We conclude that Garcia-Juarez's conviction constitutes a crime of violence under § 2L1.2(b)(1)(B) and reverse.

## I. *Background*

In 1994, Garcia-Juarez, then in his mid-thirties, enticed a fourteen-year-old girl to come inside his Des Moines, Iowa, apartment. Once inside, Garcia-Juarez took the young girl into his bedroom. While lying on top of the girl, Garcia-Juarez rubbed his genitals against the girl's fully clothed genital area until he ejaculated. Garcia-Juarez was arrested and charged with Sexual Abuse in the Third Degree. Garcia-Juarez eventually pleaded guilty to Lascivious Acts With a Child and his five-year sentence was suspended. On November 22, 2000, the government deported Garcia-Juarez to Mexico.

On June 19, 2004, the Des Moines Police Department arrested Garcia-Juarez for vehicle and traffic violations. After learning of Garcia-Juarez's prior removal from the United States, the Des Moines Police Department notified the Bureau of Immigration and Customs Enforcement. The government then charged Garcia-Juarez with illegally being in the United States following deportation in violation of 8 U.S.C. § 1326(a).

After pleading guilty to § 1326(a), but prior to sentencing, the district court ordered that a presentence investigation report (PSR) be prepared. The PSR indicated that Garcia-Juarez had been convicted of Lascivious Acts With a Child in violation of Iowa Code § 709.8 prior to his deportation. In the PSR, the probation officer recommended that Garcia-Juarez's base offense level be increased by 16 levels under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (conviction for a crime of violence). Garcia-Juarez objected to characterizing his conviction for Lascivious Acts With a Child as a "crime of violence" and argued that he should only receive an 8-level increase under U.S.S.G. § 2L1.2(b)(1)(B) (conviction for an aggravated felony).

The district court conducted a sentencing hearing and agreed with Garcia-Juarez. Accordingly, the district court applied an 8-level enhancement in lieu of the

16-level enhancement urged by the government. With only an 8-level enhancement, the Guidelines sentencing range dropped from 41–51 months to 15–21 months. The district court sentenced Garcia-Juarez to 15 months' imprisonment, the bottom of the Guidelines range, and the government appealed.

## II. *Discussion*

The sole issue on appeal is whether an Iowa conviction for Lascivious Acts With a Child can be properly characterized as an "aggravated felony" but not a "crime of violence" under U.S.S.G. § 2L.1.2(b). Although the Guidelines have recently become advisory, see *United States v. Booker*, 125 S. Ct. 738, 756 (2005), a sentence imposed as the result of an incorrect application of the Guidelines requires a remand for resentencing unless the error was harmless. *United States v. Mashek*, 406 F.3d 1012, 1017 (8th Cir. 2005) (citing 18 U.S.C. § 3742(f)(1)). One example of a harmless error is when the resulting sentence lies in an overlap between the correct and incorrect Guidelines ranges. *Id*. We review the interpretation and application of the Guidelines on appeal de novo. *Id*.

The government argues that Garcia-Juarez's prior conviction for Lascivious Acts With a Child qualifies as a "crime of violence" under § 2L1.2(b)(1)(A)(ii). The thrust of the government's argument is that the crime of Lascivious Acts With a Child constitutes "sexual abuse of a minor," which is an enumerated crime of violence under the commentary to § 2L1.2(b)(1)(A)(ii). Garcia-Juarez contends that because the Iowa legislature has seen fit to differentiate between "sexual abuse" and "lascivious acts with a child" by making them two separate crimes, the United States Sentencing Guidelines, which has some overlap, must follow suit by creating a narrow definition and a broad definition of the term "sexual abuse of a minor."

Under § 2L1.2(a), Unlawfully Entering or Remaining in the United States, a defendant's base offense level starts at 8. However, subpart (b) provides for an increase in offense level in certain circumstances, and states in pertinent part:

(1) Apply the Greatest:

> If the defendant previously was deported, or unlawfully remained in the United States, after –
>
> (A) a conviction for a felony that is . . . (ii) a crime of violence; . . . increase by **16** levels
>
> * * * *
>
> (C) a conviction for an aggravated felony, increase by **8** levels; . . .

U.S.S.G. § 2L1.2(b). The Application Notes to subpart (A)(ii) explains that a "crime of violence" includes "sexual abuse of a minor." The Application Notes to subpart (C) cross-references 8 U.S.C. § 1101(a)(43), which defines, in part, an "aggravated felony" as a " murder, rape, or sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A).

A careful reading of the Guidelines reveals that the phrase "sexual abuse of a minor" is a key that fits the locks of both a "crime of violence" and an "aggravated felony." Specifically, both subpart (A) and subpart (C) contain a specific reference to "sexual abuse of a minor." Garcia-Juarez argues that the overlap indicates Congress intended to create a narrow definition and a broad definition of the term "sexual abuse of a minor" as used in § 2L1.2(a). However, Garcia-Juarez points to no reference in the Congressional Record or otherwise to support his contention. To the contrary, Garcia-Juarez's contention belies the text of the Guideline which requires a sentencing court to "Apply the Greatest" offense enhancement. *See* U.S.S.G. § 2L1.2(a)(1). This statement directs application of the greater enhancement when there is overlap.

Garcia-Juarez also argues that the Guidelines should follow the case-law interpreting actual state statutes. In Iowa, the crime of "sexual abuse" is separate and distinct from "lascivious acts with a child." *State v. Graves*, 491 N.W.2d 780, 782

(Iowa 1992) ("The plain language of these sections indicates a legislative intent to provide for three individual crimes of sexual abuse and a separate crime of lascivious acts with a child."). Thus, in Iowa, the crime of "lascivious acts with a child" is not a "forcible felony" as defined by Iowa state law. However, in *Graves*, the Supreme Court of Iowa compared the elements of the crime of lascivious acts with a child to the specific elements of sexual abuse. The Guidelines do not attempt to enumerate each state crime by name; rather the Guidelines prescribe a general approach in defining a crime of violence. *United States v. Nation*, 243 F.3d 467, 473 (8th Cir. 2001) (citation omitted). Also, the Iowa definition of "forcible felony" does not track either the definition of "aggravated felony" or "crime of violence" as used by the Guidelines.

We have yet to determine whether Lascivious Acts With a Child in violation of Iowa Code § 709.8 constitutes "sexual abuse of a minor" as contemplated by U.S.S.G. § 2L1.3(b)(1)(A)(ii). In *United States v. Rodriguez*, 979 F.2d 138 (8th Cir. 1992), we held that the commission of lascivious acts with a child in violation of Iowa Code § 709.8 qualified as an "aggravated felony" as set forth in U.S.S.G. § 2L1.2(b)(2), app. n.7. At the time *Rodriguez* was decided, an "aggravated felony," as defined by § 2L.1.2, carried a 16-level enhancement. Since *Rodriguez* was decided, the Guidelines have been modified to differentiate between general aggravated felonies, and those "crimes of violence" specifically enumerated. *See United States v. Gomez-Hernandez*, 300 F.3d 974, 977 n.2 (8th Cir. 2002).[1] This modification created a two-tiered enhancement schedule – now an "aggravated felony" carries an

---

[1]Amendment 658, effective on November 1, 2003, was intended in part to clarify the definition of "crime of violence," as used in § 2L1.2, and to "make[ ] clear that the enumerated offenses are always classified as 'crimes of violence,' regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another." *United States Sentencing Guidelines Manual*, app. C (2003).

8-level enhancement and a "crime of violence" carries a 16-level enhancement. Accordingly, *Rodriguez* provides little guidance.

We have explained that "[u]nless the sentencing guidelines provide a special definition of the particular term whose meaning is in issue, we give the language of the guidelines its ordinary meaning." *United States v. Anton*, 380 F.3d 333, 335–36 (8th Cir. 2004) (citations omitted). Other circuits have concluded that similar state law crimes constitute "sexual abuse of a minor" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). For example, in *United States v. Orduno-Mireles*, 405 F.3d 960, 961–62 (11th Cir. 2005), the Eleventh Circuit held that a felony conviction for unlawful sexual activity with certain minors qualified as sexual abuse of a minor warranting application of the 16-level enhancement. The Fifth Circuit held that the offense of taking indecent liberties with a child, under North Carolina law, constituted "sexual abuse of a minor." *United States v. Izaguirre-Flores*, 405 F.3d 270 (5th Cir. 2005). Likewise, in the Ninth Circuit, a California crime involving the sexual touching of a child under 14 years of age constituted the "sexual abuse of a minor." *United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999).

Nonetheless, Garcia-Juarez contends that because his Iowa conviction does not meet the criminal elements of sexual abuse of a minor under 18 U.S.C. § 2243(a), which ostensibly requires the intentional touching, not through the clothing, of a minor under the age of 16, it cannot be "sexual abuse of a minor" as contemplated by the Guidelines. However, the Eleventh Circuit has explained that "the word 'sexual' in the phrase 'sexual abuse of a minor,' [as used in the Guidelines], indicates that the perpetrator's intent in committing the abuse is to seek libidinal gratification." *United States v. Padilla-Reyes*, 247 F.3d 1158, 1163 (11th Cir. 2001).

We find the reasoning employed by a consensus of our sister circuits persuasive. We hold that achieving sexual gratification by unlawfully touching a

child as prohibited by Iowa Code § 709.8 constitutes sexual abuse of a minor.[2] Accordingly, the district court erred in declining to apply a 16-level enhancement to Garcia-Juarez's Guidelines calculation. In addition, because application of the 16-level enhancement would have significantly increased Garcia-Juarez's Guidelines range, the error was not harmless.

For the foregoing reasons, we reverse and remand for resentencing not inconsistent with this opinion.

—————————————————————

[2]Iowa Code § 709.8 makes it

"unlawful for any person eighteen years of age or older to perform any of the following acts with a child with or without the child's consent unless married to each other, for the purpose of arousing or satisfying the sexual desires of either of them:

> 1. Fondle or touch the pubes or genitals of a child.

> 2. Permit or cause a child to fondle or touch the person's genitals or pubes.

> 3. Solicit a child to engage in a sex act or solicit a person to arrange a sex act with a child.

> 4. Inflict pain or discomfort upon a child or permit a child to inflict pain or discomfort on the person.

Iowa Code § 709.8.