# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 05-1689

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Dorothy Jean Egenberger, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 14, 2005
Filed: September 23, 2005

_____

Before MURPHY, HANSEN, and GRUENDER, Circuit Judges.

_____

HANSEN, Circuit Judge.

Dorothy Jean Egenberger pleaded guilty to five criminal counts related to her fraudulent use of social security numbers. She entered her plea after the Supreme Court's decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), but prior to the Court's decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). Her sentencing

hearing took place after the Court filed its <u>Booker</u> decision. Thus, at sentencing, the district court[1] appropriately applied the now advisory Sentencing Guidelines.

The presentence investigation report (PSR) recommended a sentencing range of 30 to 37 months of imprisonment. When making its Guidelines calculations, the district court sustained Egenberger's objection to the amount of loss calculation in the PSR and gave her credit for accepting responsibility. This resulted in a sentencing range of 18 to 24 months. The court then considered the factors listed in 18 U.S.C. § 3553(a) and concluded that the circumstances of this case–including the long-standing and repeated nature of Egenberger's conduct, her criminal history, the need to impress on her the seriousness of the matter, and the need for the sentence to afford adequate deterrence and to protect the public from further crimes–all warranted a sentence above the range recommended by the advisory Guidelines calculation. The court imposed a non-Guidelines sentence of 30 months of imprisonment. <u>See</u> <u>United States v. Haack</u>, 403 F.3d 997, 1003 (8th Cir. 2005) ("Once the guidelines sentence is determined, the court shall then consider all other factors set forth in § 3553(a) to determine whether to impose the sentence under the guidelines or a non-guidelines sentence."), <u>petition for cert. filed</u>, (U.S. July 14, 2005) (U.S. No. 05-5652).

Egenberger preserved the right to appeal her sentence and asserts on appeal that the district court violated her Fifth Amendment due process rights by not applying the Sentencing Guidelines as mandatory, as allegedly guaranteed by her plea, and by imposing a sentence above the applicable Guidelines range without notice. We first look to the terms of Egenberger's plea agreement. "Plea agreements are contractual in nature and are interpreted according to general contract principles." <u>United States v. Salter</u>, No. 04-3137, 2005 WL 1875709 at *2 (8th Cir. Aug. 10, 2005).

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

Accordingly, we apply de novo review to the interpretation and enforcement of a plea agreement. Id.

We conclude that the terms of Egenberger's plea agreement did not guarantee a mandatory application of the Sentencing Guidelines. In Salter, the defendant made a similar claim, asserting that due process entitled him to be sentenced under the mandatory sentencing scheme that existed at the time he entered into his plea. 2005 WL 1875709 at *2. We held as follows:

> Here, the plea agreement did not guarantee Salter would be sentenced under a mandatory guidelines system. Rather, it provided Salter would be sentenced in accordance with the sentencing guidelines. It is clear the district court properly calculated the guideline sentencing range and correctly anticipated the guidelines would be advisory instead of mandatory. Thus, Salter received the bargained for benefit.

Id. The same reasoning applies in this case as nothing in the terms of the plea agreement guaranteed Egenberger a sentence within any particular Guidelines range. The plea agreement indicated only that the sentence would be "solely within the District Court's discretion, as limited and guided by the United States Sentencing Commission Guidelines which apply to this offense." (Plea Agreement at 2.) There is no claim here that the district court did not properly calculate the Guidelines sentencing range. The district court simply acknowledged that the Guidelines are advisory and exercised the discretion to "tailor the sentence in light of other statutory concerns as well," in accordance with Booker. 125 S. Ct. at 757. Thus, Egenberger received the bargained-for benefit of her plea agreement.

Egenberger points to a statement by the district court at her pre-Booker plea hearing that once it determines which Guidelines apply, the court has very little discretion to depart and is obligated to sentence within those Guidelines. She asserts that this statement guaranteed her a mandatory application of the Guidelines and that

consequently, due process required notice of the court's intent to impose a sentence above the mandatory range identified. We respectfully disagree. The district court's statement at the pre-Booker plea hearing was nothing more than an accurate statement of how the Guidelines applied at the time of the plea. Because the Supreme Court excised the mandatory application provisions in order to render the Guidelines constitutional in Booker, 125 S. Ct. at 756-57, the district court was obligated to apply the Guidelines in an advisory manner at the time of sentencing. See Harper v. Va. Dep't of Taxation, 509 U.S. 86, 97 (1993) ("When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule."); see also Dixon v. Dormire, 263 F.3d 774, 781 (8th Cir. 2001). The district court does not continue to be bound by prior interpretations of the law that are contrary to the Supreme Court's most recent announcement. Thus, the district court's statements at the plea hearing did not guarantee a mandatory application of the Guidelines.

Also, we conclude that Egenberger had sufficient notice of the penalties she faced to satisfy due process concerns. The core concepts of due process are "notice, foreseeability, and, in particular, the right to fair warning." Rogers v. Tennessee, 532 U.S. 451, 459 (2001). This is not a case where the defendant was entitled to notice that the court, in its Sentencing Guidelines calculations, was contemplating an upward departure that was not stated in the PSR as a ground for departure. See Fed. R. Crim. P. 32(h). Instead, the court properly calculated the advisory Guidelines range, and only then, after considering all of the additional § 3553(a) factors as required by Booker, did the district court enter a sentence that was above the advisory Guidelines range. Cf. United States v. White Face, 383 F.3d 733, 738 (8th Cir. 2004) (noting that a sentence outside of a recommended, non-binding Guidelines range is not a "departure" for which a defendant is entitled to prior notice–"Chapter 7 policy statements [are] non-binding on the district court . . . [and] a revocation sentence

outside the recommended Chapter 7 range is not a departure because there is no binding guideline from which to depart"); <u>United States v. Shaw</u>, 180 F.3d 920, 922 (8th Cir. 1999) (same).

Egenberger had notice of the 15-year maximum sentence for her crimes.  She expressly agreed in her plea agreement that she would have no right to withdraw her plea if the sentence imposed or the application of the Guidelines was "other than what the defendant anticipated."  (Plea Agreement at 4.)  The PSR recited her lengthy criminal history, and the district court explained his concern about her repeated conduct, the need in this case for a deterrent effect, the need to impress upon her the seriousness of the matter, and the need to protect the public from further crimes. Egenberger was aware of the facts underlying these concerns.  The sentence imposed here is well within the 15-year statutory maximum, of which Egenberger was fully aware.  Additionally, she was on notice that this particular sentence (30 months) might be imposed because it is within the 30- to 37-month range recommended by both the PSR and the Government as the appropriate Guidelines range.

We affirm the judgment of the district court.

_____