# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1613

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v.. | * | District of Arkansas. |
| | * | |
| Tiffany Manning, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: December 27, 2005
Filed: December 30, 2005

_____

Before ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

The government appeals the sentence imposed on Tiffany Manning after Manning pleaded guilty to interstate transportation of stolen firearms. We vacate the sentence and remand for resentencing.

In calculating Manning's advisory sentencing range under the federal Sentencing Guidelines, the district court interpreted United States v. Booker, 125 S. Ct. 738 (2005), as prohibiting the imposition of any sentencing enhancements not based on facts admitted by Manning or proven to a jury beyond a reasonable doubt. We have previously specifically rejected such an interpretation. See United States v.

Salter, 418 F.3d 860, 862 (8th Cir. 2005); United States v. Haack, 403 F.3d 997, 1003 (8th Cir. 2005), cert. denied, 126 S. Ct. 276 (2005). Manning's advisory Guidelines range would have been significantly higher had the district court imposed the enhancements recommended by the presentence report, and nothing in the record suggests that the district court would have imposed the same sentence had it properly applied the Guidelines and Booker. Accordingly, the error was not harmless, and remand is appropriate. See United States v. Garcia-Juarez, 421 F.3d 655, 657-59 (8th Cir. 2005) (although Guidelines are now advisory, sentence imposed as result of incorrect application of Guidelines requires remand for resentencing unless error was harmless; error in failing to impose enhancement when calculating Guidelines range was not harmless because imposition of enhancement "would have significantly increased" defendant's Guidelines range); United States v. Hadash, 408 F.3d 1080, 1082 (8th Cir. 2005) (post-Booker, if district court incorrectly applied Guidelines, this court will remand unless error was harmless, such as when district court would have imposed same sentence absent error).

_____