# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3248

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Rex Layne Bassinger, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: May 18, 2006
Filed: June 6, 2006

_____

Before BYE, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Rex Bassinger pleaded guilty to possessing pseudoephedrine for the purpose of manufacturing methamphetamine and was sentenced to 240 months of imprisonment. Bassinger appealed and we remanded for resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005). Upon remand, the district court[1] sentenced Bassinger below the applicable advisory guideline range to 216 months of imprisonment and three years of supervised release. Bassinger now appeals, arguing

_____

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

the district court erred by applying various enhancements based upon facts neither admitted nor found by a jury and by imposing an unreasonable sentence. Bassinger does not argue the district court committed factual error. Accordingly, our review of the court's interpretation and application of the guidelines is de novo, United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005), and we must determine whether the court abused its discretion in imposing an unreasonable sentence. United States v. Dalton, 404 F.3d 1029, 1032 (8th Cir. 2005).

Bassinger's judicial factfinding claim is without merit. When a district court treats the guidelines as advisory, it commits no Sixth Amendment error by finding facts necessary to apply an enhancement. See United States v. Salter, 418 F.3d 860, 862 (8th Cir. 2005), cert. denied, 126 S. Ct. 1399 (2006). Indeed, we have held "the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence." United States v. Haack, 403 F.3d 997, 1002 (8th Cir.), cert. denied, 126 S. Ct. 276 (2005). Accordingly, the district court committed no error when calculating the applicable guideline range.

Bassinger next argues the district court imposed an unreasonable sentence. Bassinger's sentence was twenty-four months below the statutory maximum and presumptively reasonable guideline range. See United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.), cert. denied, 126 S. Ct. 840 (2005). The sentencing transcript establishes the district court considered the factors under 18 U.S.C. § 3553(a) and imposed a lower nonguideline sentence after consideration of those factors. Bassinger has not presented any evidence or argument that the district court based its sentence upon an irrelevant factor, failed to consider a relevant factor, or made a clear error of judgment so as to prejudice him. See Haack, 403 F.3d at 1004. Accordingly, we conclude the ultimate sentence, which is two years less than the statutory maximum and the effective advisory guideline range, is reasonable.

We therefore affirm the district court.

_____