# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 05-3105/3107

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Jose Ortiz-Martinez, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: July 7, 2006
Filed: July 13, 2006

_____

Before COLLOTON, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Jose Ortiz-Martinez pleaded guilty to conspiring to distribute 500 grams or more of methamphetamine mixture, in violation of 21 U.S.C. § 846, and possessing with intent to distribute 50 grams or more of methamphetamine mixture, in violation of 21 U.S.C. § 841(a)(1). The district court[1] sentenced him to concurrent 168-month and 120-month prison terms and concurrent 10-year and 8-year terms of supervised release. The district court also revoked his supervised release for a prior federal conviction and sentenced him to 12 months in prison, making the revocation sentence

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

consecutive to the sentence for the new offenses. On appeal, Ortiz-Martinez's counsel has filed a brief and moved to withdraw, and Ortiz-Martinez has filed a pro se supplemental brief.

Counsel argues that a remand for resentencing is required because it is unclear whether the district court meant to make the revocation sentence consecutive to or concurrent with the sentence on the new charges. We conclude from the record as a whole that the district court clearly intended the revocation sentence to be consecutive. See United States v. Tramp, 30 F.3d 1035, 1037 (8th Cir. 1994).

We also reject each of Ortiz-Martinez's three pro se arguments. First, the district court properly applied the remedial portion of United States v. Booker, 543 U.S. 220 (2005), at sentencing. See United States v. Salter, 418 F.3d 860, 862 (8th Cir. 2005), cert. denied, 126 S. Ct. 1399 (2006). Second, Ortiz-Martinez was not entitled to a preliminary hearing because he was being held on an indictment. See Fed. R. Crim. P. 5.1(a)(2); United States v. Rose, 541 F.2d 750, 753 n.2 (8th Cir. 1976), cert. denied, 430 U.S. 908 (1977). Third, Ortiz-Martinez cannot challenge the validity of his guilty plea for the first time on appeal, see United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990), and if he wishes to raise a claim of ineffective assistance of counsel, he must do so in a 28 U.S.C. § 2255 motion, see United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998).

Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____