# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2287

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Keithen Deone McCorkle, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 19, 2006
Filed: September 27, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Keithen McCorkle pleaded guilty to being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). The district court[1] calculated an advisory Guidelines imprisonment range of 57-71 months, and sentenced McCorkle to 64 months in prison and 3 years of supervised release. On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), suggesting the sentence was an abuse of discretion. In a pro se supplemental brief, McCorkle argues that using his prior drug conviction to give him both a greater base offense level and an increased

_____

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

criminal history score was improper double counting, and that his prior convictions and Guidelines enhancements had to be charged in the indictment and presented to a jury.

We reject these pro se arguments. The district court did not engage in "double-counting" in its use of McCorkle's prior drug conviction. See U.S.S.G. § 2K2.1, comment. n.12 (prior felony conviction resulting in increased base offense level under U.S.S.G. § 2K2.1(a)(1), (a)(2), (a)(3), (a)(4)(A), (a)(4)(B), or (a)(6) is also counted for purposes of determining criminal history points pursuant to Chapter Four); United States v. Rohwedder, 243 F.3d 423, 426-27 (8th Cir. 2001) (where application note makes clear that Sentencing Commission intended two enhancements to apply to particular conduct, it is not impermissible double counting). The Guidelines enhancements and prior convictions did not need to be charged in the indictment or proved to a jury. See United States v. Salter, 418 F.3d 860, 862 (8th Cir. 2005), cert. denied, 126 S. Ct. 1399 (2006); United States v. Thomas, 398 F.3d 1058, 1063-64 (8th Cir. 2005).

We further conclude that the sentence was not an abuse of discretion or unreasonable. See United States v. Booker, 543 U.S. 220, 261-62 (2005) (appellate courts must review sentences for unreasonableness). The district court considered appropriate factors in selecting the sentence, which was within the undisputed Guidelines range, and we find nothing in the record to suggest McCorkle could rebut the presumption of reasonableness. See United States v. Tobacco, 428 F.3d 1148, 1151 (8th Cir. 2005) (presumptively reasonable sentence can be unreasonable if district court failed to consider relevant factor that should have received significant weight, gave significant weight to improper or irrelevant factor, or considered only appropriate factors but committed clear error of judgment in weighing those factors); United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.) (sentence within Guidelines range is presumptively reasonable; defendant bears burden to rebut presumption of reasonableness), cert. denied, 126 S. Ct. 840 (2005).

Accordingly, we affirm.  We deny McCorkle's motion for appointment of new counsel.

_____