# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4041

_____

United States of America,                    *
                                             *
            Appellee,                        *
                                             *    Appeal from the United States
      v.                                     *    District Court for the Southern
                                             *    District of Iowa.
Maria Del Rosario                            *
Tepozotlan-Gonzales, also known              *    [UNPUBLISHED]
as Fatima Santana-Coronado, also             *
known as Georgia Andrade-Tapia,              *
also known Rosio Araceli Rico-               *
Colorado, also known as Rita Aguilar,        *
also known as Francisca Sanchez-             *
Garcia, also known as Virginia               *
Colorado-Rodiriguez, also known as           *
Brenda Ruiz Pineda, also known as            *
Veronica Lizarrega,                          *
                                             *
            Appellant.                       *

_____

Submitted: November 5, 2007
    Filed: November 9, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Maria Del Rosario Tepozotlan-Gonzales challenges the 42-month sentence the district court[1] imposed after she pleaded guilty to conspiring to transport stolen goods in interstate commerce, in violation of 18 U.S.C. §§ 2314, 371, and 2. Tepozotlan-Gonzales's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in imposing enhancements for the amount of loss, the number of victims, and being in the business of receiving stolen property. Tepozotlan-Gonzales argues in a pro se brief that the district court usurped the role of the jury in imposing the enhancements, and that counsel was ineffective for inducing her to plead guilty without fully informing her of the consequences and for failing to adequately object to the presentence report (PSR).

Reviewing the district court's application of the Guidelines de novo and its factual findings for clear error, see United States v. Rodriguez, 484 F.3d 1006, 1014 (8th Cir. 2007), cert. denied, 76 U.S.L.W. 3065 (U.S. Oct. 1, 2007) (No. 07-161), we find that the enhancements imposed by the district court were appropriate: Tepozotlan-Gonzales's plea-hearing admissions and the uncontested facts in the PSR support the district court's finding that her co-conspirators' actions were reasonably foreseeable to Tepozotlan-Gonzales and warranted the enhancements, see United States v. Pierce, 479 F.3d 546, 549 (8th Cir. 2007) (defendant in criminal conspiracy is responsible for offenses committed by fellow conspirators if defendant was member of conspiracy when offense was committed, and if offense was committed in furtherance of and as foreseeable consequence of conspiracy), and also support the finding that she was in the business of receiving stolen property, see U.S.S.G. § 2B1.1 comment. (n.5) (setting out non-exhaustive list of factors to consider).

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

We also reject Tepozotlan-Gonzales's argument that the sentencing enhancements had to be proven to a jury beyond a reasonable doubt, as the district court treated the Guidelines as advisory (and in fact deviated below the Guidelines range).  See United States v. Booker, 543 U.S. 220, 233-37, 245, 258-59 (2005) (Sixth Amendment problem resulting from mandatory nature of Guidelines is remedied by making Guidelines advisory); United States v. Salter, 418 F.3d 860, 862 (8th Cir. 2005) (after Booker, district court may enhance sentence based on judge-found facts if court views Guidelines as advisory).  Finally, Tepozotlan must pursue any ineffective-assistance claims in a proceeding under 28 U.S.C. § 2255.  See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal.  Accordingly, we affirm, we grant counsel's motion to withdraw, and we deny Tepozotlan-Gonzales's motion for appointment of counsel.

_____