**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-40297
Summary Calendar

ROBERT LOUIS SALTER, JR

Petitioner-Appellant

v.

WARDEN PAUL KASTNER

Responded-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:06-CV-199

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Robert Louis Salter, Jr., federal prisoner # 06489-010, seeks to appeal the district court's dismissal of his action that he characterized as an independent action in equity. Salter was convicted in the Western District of Arkansas of possession of a machinegun and failure to appear before the court. Salter's conviction was affirmed on direct appeal to the Eighth Circuit. *United States v. Salter*, 418 F.3d 860, 863 (8th Cir. 2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal to this court, Salter argued that it was impossible for him to comply with the registration and taxing requirements for machineguns and that his guilty plea was nullified by the district court when it allowed the Government to withdraw the plea agreement. He also argued that the district court erred by dismissing his action because he satisfied the essential elements for maintaining an independent action in equity. In a supplemental letter brief, Salter additionally asserted that his possession of a machinegun conviction should be set aside because of the recent Supreme Court decision *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008).

One of the essential elements of an independent action in equity is a showing of the absence of any adequate remedy at law. *Bankers Mortgage Co. v. U.S.*, 423 F.2d 73, 79 (5th Cir. 1970). The Supreme Court has further noted that an independent action in equity should be available only to prevent a grave miscarriage of justice. *United States v. Beggerly*, 524 U.S. 38, 45 (1998). Salter's action did not meet these demanding standards.

Because Salter's action was not filed in the federal district court in which he was convicted and sentenced, the district court did not have jurisdiction to alternatively treat his action as a motion under 28 U.S.C. § 2255. *See Pack v. Yousuff*, 218 F.3d 448, 451 (5th Cir. 2000). Because Salter did not assert that he was convicted of an offense that is nonexistent as to all persons, his action also did not meet the essential criteria of a claim under 28 U.S.C. § 2241 made in conjunction with the savings clause of § 2255(e). *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Salter therefore filed an unauthorized action which the district court was without jurisdiction to entertain. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Salter has thus appealed from the dismissal of a meaningless, unauthorized action. *Id.* We affirm on the basis that the district court lacked jurisdiction. *Id.*

AFFIRMED.