# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1197

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| Gordon Leroy Sonnenberg, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 13, 2008
Filed: February 11, 2009

_____

Before WOLLMAN, BEAM, and BENTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Gordon Leroy Sonnenberg pleaded guilty to receipt of material involving the sexual exploitation of minors, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). The district court[1] concluded that Sonnenberg's 1968 Iowa conviction for committing lascivious acts with children triggered a sentencing enhancement under § 2252(b)(1) and sentenced Sonnenberg to 262 months' imprisonment. Sonnenberg challenges his sentence, arguing that the district court erred in applying his Iowa conviction as an enhancement. We affirm.

---

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

I.

In 1968, Sonnenberg pleaded guilty to the crime of lascivious acts with children, a violation of section 725.2 of the 1966 Code of Iowa. The statute criminalized the following conduct:

> Any person over eighteen years of age who shall willfully commit any lewd, immoral, or lascivious act in the presence, or upon or with the body or any part or member thereof, of a child of the age of sixteen years, or under, with the intent of arousing, appealing to, or gratifying the lusts or passions or sexual desires of such person, or such child, or of corrupting the morals of such child . . . .

Sonnenberg was sentenced to a term of imprisonment of not more than three years.

On October 24, 2006, Sonnenberg was charged in a four-count indictment, which included one count of receipt of material involving the sexual exploitation of minors, in violation of chapter 110 of title 18 of the United States Code. The mandatory minimum sentence and statutory maximum sentence for this crime increase if the defendant has a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252(b)(1).

After moving to exclude the application of the sentence enhancement based on his Iowa conviction, Sonnenberg pleaded guilty to one count of receipt of material involving the sexual exploitation of minors. The parties agreed that the adjusted offense level was thirty-seven, with a guidelines sentencing range of 210 to 262 months' imprisonment. Sonnenberg acknowledged that if his Iowa conviction for lascivious acts with children qualified to enhance his sentence under 18 U.S.C. § 2252, he would face a maximum penalty of forty years' imprisonment. If the Iowa

conviction did not trigger the enhancement, then the statutory maximum sentence would be twenty years' imprisonment.

The district court denied Sonnenberg's motion to exclude, concluding that Sonnenberg's Iowa conviction "categorically qualifies as sexual abuse for purposes of 18 U.S.C. § 2252(b)(1)" and ruling that the previous conviction would trigger the statute's sentence enhancement. After denying Sonnenberg's request for a variance, the district court sentenced Sonnenberg to 262 months' imprisonment and lifetime supervised release. This appeal followed.

II.

Sonnenberg contends that the district court erred in finding that his Iowa conviction for lascivious acts with children triggered the enhanced sentencing range set forth in 18 U.S.C. § 2252(b)(1). We review *de novo* his claim of error. United States v. Weis, 487 F.3d 1148, 1151 (8th Cir. 2007); United States v. Lockwood, 446 F.3d 825, 827 (8th Cir. 2006).

A defendant convicted of receipt of material involving the sexual exploitation of minors faces an increased statutory sentencing range under 18 U.S.C. § 2252(b)(1) if he has a state conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." To determine whether the prior offense qualifies as a predicate offense for the purpose of a sentence enhancement, federal courts apply a categorical approach. Taylor v. United States, 495 U.S. 575, 600 (1990); United States v. Medina-Valencia, 538 F.3d 831, 833 (8th Cir. 2008). Under this approach, the sentencing court looks to the fact of conviction and the statutory definition of the prior offense and determines whether the full range of conduct encompassed by the state statute qualifies to enhance the sentence. Taylor, 495 U.S. at 600; Medina-Valencia, 538 F.3d at 833; Lockwood, 446 F.3d at 827. If the statute criminalizes both conduct that would qualify a defendant for an

enhancement, as well as conduct that would not do so, the court may refer to the charging document, the terms of a plea agreement, the transcript of the colloquy, jury instructions, and other comparable judicial records to determine the basis for the guilty plea or verdict. Shepard v. United States, 544 U.S. 13, 26 (2005); Medina-Valencia, 538 F.3d at 833; Lockwood, 446 F.3d at 827.

As an initial matter, we reject Sonnenberg's contention that a state statute must criminalize only sexual acts involving physical touching to be "relat[ed] to aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor or ward." Although Sonnenberg urges us to adopt chapter 109A's definitions of the sexual abuse terms, all of which require physical contact, see 18 U.S.C. § 2241 (aggravated sexual abuse); § 2242 (sexual abuse); § 2243 (sexual abuse of a minor or ward), the statute does not instruct us to apply chapter 109A's definitions.

> Whoever violates . . . subsection (a) shall be . . . imprisoned not less than 5 years and not more than 20 years, but if such person has a prior conviction under this chapter, section 1591, chapter 71, chapter 109A, chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), *or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward* . . . such person shall be . . . imprisoned for not less than 15 years nor more than 40 years.

§ 2252(b)(1) (emphasis added). Moreover, Sonnenberg pleaded guilty to receipt of material involving the sexual exploitation of children, a violation of chapter 110, and the punishment for his crime is set forth in that chapter. 18 U.S.C. § 2252. There is no indication that Congress intended to import the definitions of chapter 109A to chapter 110. To the contrary, chapter 110 includes a definitions section, and none of the terms in dispute are defined. Furthermore, § 2252(b)(1) refers to several federal statutes, a prior conviction under any of which would require a sentence enhancement.

-4-

Some of those statutes require a sexual act involving physical touching, but others do not.[2]  As the Fifth Circuit noted:

> Prior federal convictions for which the mandatory minimum sentence is imposed are not limited to offenses in which there was actual sexual contact between a defendant and the victim.  We discern no intent on the part of Congress to impose such a limitation with regard to prior convictions under state law.

United States v. Hubbard, 480 F.3d 341, 347 (5th Cir. 2007) (holding that the defendant's prior state conviction for lewd or indecent proposals to a child related to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor under § 2252A(b)(1), which uses language identical to § 2252(b)(1)).

Because the statute does not define aggravated sexual abuse, sexual abuse, or abusive sexual conduct with a minor or ward, we give the terms their "ordinary, contemporary, common meaning."  Perrin v. United States, 444 U.S. 37, 42 (1979); see United States v. Sinerius, 504 F.3d 737, 740-41 (9th Cir. 2007) (applying the ordinary meaning of the term "sexual abuse" under § 2252A(b)); Hubbard, 480 F.3d at 347 (concluding that Congress intended the sexual abuse terms in § 2252A(b) to have their ordinary meanings); see also United States v. Montenegro-Recinos, 424 F.3d 715, 717 (8th Cir. 2005) (applying the ordinary meaning to the term "sexual abuse of a minor" because the term was not defined in the sentencing guidelines); United States v. Garcia-Juarez, 421 F.3d 655, 659 (8th Cir. 2005) (same).  In the sentencing guidelines context, we have cited favorably United States v. Padilla-Reyes, 247 F.3d 1158, 1163 (11th Cir. 2001), for its plain definition of the word "sexual" as the intent to seek libidinal gratification.  Medina-Valencia, 538 F.3d at 834; Garcia-

_____

[2]For example, § 2252 refers to article 120 of the Uniform Code of Military Justice, which criminalizes indecent liberty with a child.  That statute defines indecent liberty as "indecent conduct, but physical contact is not required."

<u>Juarez</u>, 421 F.3d at 659. Here we find instructive its definition of sexual abuse of a minor: "[T]he phrase 'sexual abuse of a minor' means a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." <u>Padilla-Reyes</u>, 247 F.3d at1163.

Finally, "[w]e must assume that Congress chose the words 'relating to' for a purpose." <u>Weis</u>, 487 F.3d at 1152 (quoting <u>Hubbard</u>, 480 F.3d at 347); <u>see also United States v. McCutchen</u>, 419 F.3d 1122, 1126 (10th Cir. 2005) (noting that Congress chose the term "relating to" rather than the word "is"). "The phrase 'relating to' carries a broad ordinary meaning, i.e., to stand in some relation to; to have bearing or concern; to pertain; refer; to bring into association or connection with." <u>Id.</u> (internal quotations and citations omitted). Sonnenberg's prior conviction, then, must stand in some relation to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward.

Given the above definition of sexual abuse and the interpretation of relating to, Sonnenberg's prior conviction qualifies as a sentence enhancement under § 2252 even though the Iowa statute does not require physical contact. By the terms of the statute, Sonnenberg either physically or nonphysically misused or maltreated a minor with the intent to seek libidinal gratification. We hold that a conviction for lascivious acts with children in violation of section 725.2 of the 1966 Code of Iowa categorically qualifies to enhance Sonnenberg's sentence.

We have also considered Sonnenberg's argument that any ambiguity in the statute requires resolution in his favor under the rule of lenity, and we find it to be without merit. <u>See Bernitt v. Martinez</u>, 432 F.3d 868, 869 (8th Cir. 2005) (per curiam)

("We do not resort to the rule of lenity where, as here, we can otherwise resolve the ambiguity of the statute.")

## Conclusion

The judgment and sentence are affirmed.

_____