# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40349
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JUAN ISABEL ROMERO-HERNANDEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-823-1

Before SMITH, PRADO, and, OWEN, Circuit Judges.

PER CURIAM:[*]

Juan Isabel Romero-Hernandez appeals the 57-month within-guidelines sentence imposed following his conviction for illegal reentry after deportation. He challenges the district court's application of a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Specifically, Romero-Hernandez argues that his prior Texas conviction for indecency with a child does not qualify as a crime of violence because the Texas statute does not require an age differential of at

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

least four years between the victim and the perpetrator and permits a conviction where the victim is under 17 years of age.  These arguments are foreclosed by our decision in *United States v. Rodriguez*, 711 F.3d 541, 560, 562 n.28 (5th Cir. 2013) (en banc), *cert. denied*, 134 S. Ct. 512 (2013).

Romero-Hernandez argues that the Texas statute includes conduct that does not constitute "abuse" within the generic meaning of "sexual abuse of a minor" and is therefore not a crime of violence under § 2L1.2.  He further contends that the district court erred in treating the Texas conviction as an aggravated felony for purposes of the enhanced penalty provision of 8 U.S.C. § 1326(b)(2).  Because Romero-Hernandez raises these arguments for the first time on appeal, we review for plain error.  *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012).

The state court documents show that Romero-Hernandez was convicted of indecency with a child in violation of Texas Penal Code § 21.11.  Indecency with a child can be committed by contact, in violation of Texas Penal Code § 21.11(a)(1), or by exposure, in violation of Texas Penal Code § 21.11(a)(2).  We have previously held that both offenses constitute sexual abuse of a minor for purposes of § 2L1.2(b)(1)(A)(ii).  *United States v. Najera-Najera*, 519 F.3d 509, 512 & n.2 (5th Cir. 2008); *United States v. Zavala-Sustaita*, 214 F.3d 601, 604-05 (5th Cir. 2000).  In the wake of our en banc decision in *Rodriguez*, 711 F.3d at 548, 552, which created a new plain-meaning approach for offense categories that were not defined at common law, it remains true that a violation of § 21.11(a) constitutes sexual abuse of a minor for purposes of § 2L1.2(b)(1)(A)(ii).  *United States v. Elizondo-Hernandez*, 755 F.3d 779, 781-82 (5th Cir. 2014) (per curiam).  There is no plain error in the application of the 16-level enhancement.  Nor did the district court err in treating his conviction under § 21.11(a) as an aggravated felony for purposes of the

No. 14-40349

increased penalty provisions of § 1326(b).  *See Zavala-Sustaita*, 214 F.3d at 603-07.

The judgment of the district court is AFFIRMED.