# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1509

_____

United States of America

*Plaintiff - Appellee*

v.

Donnie Ray Sumner

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: November 20, 2015
Filed: March 21, 2016

_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Donnie Sumner pleaded guilty to receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). The district court[1] concluded that Sumner's 1989 Missouri conviction for deviate sexual assault in the first degree triggered a sentencing enhancement under § 2252(b)(1) and sentenced Sumner to the mandatory

_____

[1]The Honorable Beth Phillips, United States District Court for the Western District of Missouri.

minimum of 180 months' imprisonment. Sumner challenges his sentence, arguing that the district court erred by determining that the previous Missouri offense subjected him to the enhancement. We affirm.

I.

In 1989, Sumner entered an Alford plea to the crime of deviate sexual assault in the first degree, in violation of section 566.070 of the Missouri Revised Statutes. This statute provided:

> A person commits the crime of deviate sexual assault in the first degree if he has deviate sexual intercourse with another person to whom he is not married and who is incapacitated or who is fourteen or fifteen years old.

Mo. Rev. Stat. § 566.070 (1989). Sumner received a suspended sentence with five years' probation, which was discharged after one year.

In January 2013, investigators with the Southwest Missouri Cybercrimes Task Force remotely connected to a computer through the Ares peer-to-peer network. The investigators downloaded from the target computer two video files that depicted prepubescent males engaged in a sexual act. Investigators later identified Sumner as the subscriber through his IP address. Investigators subsequently obtained a warrant to search Sumner's residence and seized a desktop computer, laptop computer, and a Seagate hard drive. A forensic examination revealed fifteen video files and 114 images depicting child pornography located on the desktop computer and one video file containing child pornography located on the laptop computer.

Sumner was then charged in a single-count indictment with receiving and distributing child pornography under 18 U.S.C. § 2252(a)(2). Sumner pleaded guilty. At the change-of-plea hearing, the magistrate judge advised Sumner that, if he had a qualifying prior offense to trigger the sentencing enhancement under 18 U.S.C.

§ 2252(b)(1), the range of punishment for the offense would be fifteen to forty years in prison. According to 18 U.S.C. § 2252(b)(1), if a person who violates 18 U.S.C. § 2252(a)(2) "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward . . . such person shall be . . . imprisoned for not less than 15 years nor more than 40 years." Pursuant to the magistrate judge's report and recommendation, the district court entered an order accepting Sumner's guilty plea and adjudging him guilty. The district court then ordered a presentence investigation report (PSR), which concluded that Sumner's 1989 Missouri conviction counted as a predicate offense to enhance the statutorily authorized minimum sentence to fifteen years or 180 months.

Sumner objected to the PSR's conclusion on two grounds. He first argued that the facts underlying his predicate Missouri offense did not support the PSR's finding that he had committed an offense "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor." Sumner next argued that the suspended sentence he received for the Missouri offense did not constitute a conviction for purposes of § 2252(b)(1). At sentencing, the district court rejected Sumner's objections, concluding that deviate sexual assault in the first degree qualified as a predicate offense and that his suspended sentence likewise qualified as a conviction.

II.

On appeal, Sumner contends that the district court procedurally erred by finding that his Missouri conviction for deviate sexual assault sufficed to trigger the sentencing enhancement under 18 U.S.C. § 2252(b)(1). He argues that the district court should have considered the facts of the underlying offense to determine whether his prior conviction actually involved "aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252(b)(1). Such consideration, Sumner maintains, would reveal that his prior conviction arose from

-3-

a consensual act not involving force or threats and, therefore, not involving abuse. "When reviewing a defendant's sentence, we must 'ensure that the district court committed no significant procedural error . . . .'" *United States v. Hagen*, 641 F.3d 268, 270 (8th Cir. 2011) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). In determining whether a procedural error has occurred, we review the district court's factual findings for clear error and its interpretation and application of statutory sentencing provisions *de novo*. *United States v. Williams*, 627 F.3d 324, 327 (8th Cir. 2010); *United States v. Weis*, 487 F.3d 1148, 1151 (8th Cir. 2007).

If a defendant has a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," then a conviction for receipt and distribution of child pornography under 18 U.S.C. § 2252(a)(2) triggers an enhanced sentencing range of "not less than 15 years nor more than 40 years." 18 U.S.C. § 2252(b)(1). "Because [18 U.S.C. § 2252(b)(1)] does not define aggravated sexual abuse, sexual abuse, or abusive sexual conduct with a minor or ward, we give the terms their 'ordinary, contemporary, common meaning.'" *United States v. Sonnenberg*, 556 F.3d 667, 671 (8th Cir. 2009) (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)).[2] We evaluate whether a prior conviction qualifies as a predicate offense triggering a sentencing enhancement by "look[ing] to the fact of conviction and the statutory definition of the prior offense and determin[ing] whether the full range of conduct encompassed by the state statute

---

[2]The Supreme Court recently clarified identical language in § 2252(b)(2), holding that "'involving a minor or ward' modifies only 'abusive sexual conduct,'" such that "the provision applies to prior state convictions for 'sexual abuse' and 'aggravated sexual abuse,' whether or not the convictions involved a minor or ward." *Lockhart v. United States*, 577 U.S. ---, 2016 WL 782862, at *4, *11 (2016). The *Lockhart* dissent acknowledged that "[n]o one can possibly think (and the majority therefore does not try to argue) that the disputed language means something different in § 2252(b)(2) than in its neighbor and model, § 2252(b)(1)." *Id.* at *17 n.4 (Kagan, J., dissenting). Although we may apply the Court's holding to this § 2252(b)(1) case, we need not do so in light of our conclusion that Sumner's prior conviction was for "abusive sexual conduct involving a minor."

qualifies to enhance the sentence." *Sonnenberg*, 556 F.3d. at 670. However, "[i]f the statute criminalizes both conduct that would qualify a defendant for an enhancement, as well as conduct that would not do so, the court may refer to the charging document, the terms of a plea agreement, the transcript of the colloquy, jury instructions, and other comparable judicial records to determine the basis for the guilty plea or verdict." *Id.* (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

The 1989 version of the Missouri statute under which Sumner was convicted of first-degree deviate sexual assault required that he "ha[d] deviate sexual intercourse with another person to whom he [wa]s not married and who [wa]s incapacitated or who [wa]s fourteen or fifteen years old." Mo. Rev. Stat. § 566.070 (1989). "Deviate sexual intercourse," in turn, encompassed "any sexual act involving the genitals of one person and the mouth, tongue, hand, or anus of another person." Mo. Rev. Stat. § 566.010.1(2) (1989). Because these terms criminalized conduct involving either an incapacitated person or a minor, the district court rightly considered the charging document. *See Shepard*, 544 U.S. at 16. In this case, the charging document was the information containing the sole count to which Sumner pleaded guilty. That count alleged that Sumner "had deviate sexual intercourse with [the victim], to whom the defendant was not married, who was then 14 or 15 years old." Under our case law, this conviction clearly satisfies the requirement under 18 U.S.C. § 2252(b)(1) of a prior conviction "under the laws of any State relating to . . . abusive sexual conduct involving a minor or ward." *See Weis*, 487 F.3d at 1152 (concluding that a prior conviction that involved touching a minor "with the intent to have sexual intercourse" fit "well within the broad meaning of 'relating to . . . abusive sexual conduct'" with a minor and thus satisfied 18 U.S.C. § 2252(b)(1)).

Despite the details contained in the charging document, Sumner nonetheless argues that the district court erred by not considering the underlying facts of his conviction because those facts would reveal a consensual act not involving force or

threats.[3]   Therefore, he continues, the Government failed to show any abuse on Sumner's part.  This argument proves unavailing.  As noted above, the district court properly confined its inquiry to a limited class of documents.  *See Sonnenberg*, 556 F.3d at 670 (approving application of the categorical approach).  Even if the district court had been able to consider the underlying facts, however, our circuit does not require "abuse" for the purpose of applying the § 2252(b)(1) enhancement to entail force or threats.  *See, e.g.*, *Linngren*, 652 F.3d at 870-71 (finding Minnesota conviction for sexual contact with a minor committed with sexual intent satisfied § 2252(b)(1)); *Sonnenberg*, 556 F.3d at 670 (finding Iowa conviction for lascivious acts with a child not involving touching satisfied § 2252(b)(1)); *Weis*, 487 F.3d at 1151-52 (finding Iowa conviction for assault with intent to commit sexual abuse—no injury satisfied § 2252(b)(1) even though the charging document specified the assault to consist of "touch[ing], with the intent to have sexual intercourse" with a minor); *see also State v. Williams*, 628 S.W.2d 947, 949 (Mo. Ct. App. 1982) (describing the same iteration of the Missouri statute at issue here as "requir[ing] no employment or threat of physical force . . . because the design of the statute is to identify as assaultive certain behavior . . . not by the manner of commission but by the identity of the victim").  Accordingly, the district court did not err by considering the charging document and not the facts underlying Sumner's Missouri conviction.  *See Sonnenberg*, 556 F.3d at 670.

## III.

For the reasons set forth above, we affirm Sumner's sentence.

––––––––––––––––––––––––––––––

---

[3]Although Sumner objected before the district court that the suspended sentence he received for the Missouri offense did not constitute a "conviction" for purposes of § 2252(b)(1), he concedes this point on appeal.  *See United States v. Storer*, 413 F.3d 918, 921-22 (8th Cir. 2005).