# United States Court of Appeals
### For the Eighth Circuit

_____

## No. 14-3250
_____

United States of America

*Plaintiff - Appellee*

v.

David Lee Knowles

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: April 14, 2015
Filed: April 4, 2016

_____

Before WOLLMAN and GRUENDER, Circuit Judges, and DOTY,[1] District
Judge.

_____

WOLLMAN, Circuit Judge.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

David Lee Knowles pleaded guilty to receiving and distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2). The district court[2] sentenced Knowles to a fifteen-year mandatory minimum term of imprisonment under 18 U.S.C. § 2252(b)(1). Knowles appeals, and we affirm.

A federal grand jury returned a one-count indictment that charged Knowles with knowingly receiving and distributing child pornography. The indictment notified Knowles that if he was convicted he would be subject to an enhanced sentence under 18 U.S.C. § 2252(b)(1) based on his prior Nebraska conviction for third-degree sexual assault, Neb. Rev. Stat. § 28-320. The relevant portions of § 2252(b)(1) read as follows:

> Whoever violates [§ 2252(a)(2)] . . . [and] has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward . . . shall be . . . imprisoned for not less than 15 years nor more than 40 years.

Knowles eventually pleaded guilty, but disputed at the change-of-plea hearing the range of punishment set forth in the indictment. He argued that his Nebraska conviction was not one "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," as required for imposition of the § 2252(b)(1) mandatory minimum. Specifically, he argued that because "involving a minor or ward" modifies all three prior-conviction categories set forth in § 2252(b)(1), and because the Nebraska statute under which he was convicted does not require a minor victim, his Nebraska conviction did not trigger the enhancement. The district court rejected Knowles's argument and imposed the sentence set forth above.

---

[2]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

We ordered that Knowles's appeal be held in abeyance pending the Supreme Court's ruling in <u>Lockhart v. United States</u>, 136 S. Ct. 958, 961 (Mar. 1, 2016), which presented the question whether the phrase "involving a minor or ward" in 18 U.S.C. § 2252(b)(2) modifies all three prior-conviction categories preceding the phrase ("aggravated sexual abuse," "sexual abuse," and "abusive sexual conduct") or only the one prior-conviction category that immediately precedes it ("abusive sexual conduct"). <u>Lockhart</u> has now been handed down, with the Court holding that the phrase "involving a minor or ward" in § 2252(b)(2) modifies only "abusive sexual conduct" and not "aggravated sexual abuse" or "sexual abuse." <u>Id.</u> at 962. Thus, § 2252(b)(2) "applies to prior state convictions for 'sexual abuse' and 'aggravated sexual abuse,' whether or not the convictions involved a minor or ward." <u>Id.</u> at 968. The language in § 2252(b)(2) analyzed in <u>Lockhart</u> is identical to the language in § 2252(b)(1), and so we must determine whether <u>Lockhart</u> controls in this case.

Knowles asserts that our court has previously determined that the phrase "involving a minor or ward" modifies all three prior-conviction categories immediately preceding that phrase. It is true that in several cases we have assumed, although without substantive discussion and without directly deciding, that "involving a minor or ward" applies to all three prior-conviction categories listed in § 2252(b)(1) or in one of the federal sentencing-enhancement provisions that use identical language.[3] <u>See, e.g.</u>, <u>United States v. Linngren</u>, 652 F.3d 868, 870-71 (8th Cir. 2011), *cert. denied*, 132 S. Ct. 1594 (2012) (construing § 2252(b)(1)); <u>United States v. Hunter</u>, 505 F.3d 829, 830-31 (8th Cir. 2007) (construing § 2252A(b)(2)); <u>United States v. Weis</u>, 487 F.3d 1148, 1151 (8th Cir. 2007) (construing § 2252(b)(1));

---

[3]The three prior-conviction categories enumerated in § 2252(b)(1), *i.e.*, prior convictions "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," also appear in identical form in three related sentencing-enhancement provisions set forth in Chapter 110 of Title 18 of the United States Code. <u>See</u> 18 U.S.C. §§ 2252(b)(2), 2252A(b)(1), 2252A(b)(2).

United States v. Trogdon, 339 F.3d 620, 621 (8th Cir. 2003) (construing § 2252A(b)(1)).

Although the Supreme Court indicated otherwise in Lockhart, we have never squarely addressed the issue presented in this appeal in circumstances in which a determination of the issue was necessary to the resolution of the case, and so we are not bound by the *dicta* in those earlier cases. "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." Webster v. Fall, 266 U.S. 507, 511 (1925); see Brecht v. Abrahamson, 507 U.S. 619, 631 (1993) (noting that when a court has "never squarely addressed the issue, and ha[s] at most assumed" an answer, the court is "free to address the issue on the merits"); Prince v. Kids Ark Learning Ctr., 622 F.3d 992, 995 n.4 (8th Cir. 2010) (per curiam) ("[U]nstated assumptions on non-litigated issues are not precedential holdings binding future decisions." (citation omitted)). In light of Lockhart, we now hold that the phrase "involving a minor or ward" in § 2252(b)(1) modifies only "abusive sexual conduct" and not "aggravated sexual abuse" or "sexual abuse."[4] Thus, a prior state conviction triggers a sentencing enhancement under § 2252(b)(1) if the state statute relates to one of three enumerated categories of offense: aggravated sexual abuse, or sexual abuse, or abusive sexual conduct involving a minor or ward.

In United States v. Sonnenberg, 556 F.3d 667, 669-70 (8th Cir. 2009), we employed a categorical approach, see Taylor v. United States, 495 U.S. 575, 600 (1990), to determine whether the defendant's state conviction for lascivious acts with children triggered a sentencing enhancement under § 2252(b)(1). We noted that

---

[4]In United States v. Sumner, No. 15-1509, slip op. at 4 n.2 (8th Cir. Mar. 21, 2016), we observed that the holding in Lockhart could be applied when § 2252(b)(1) was at issue, but we declined to apply Lockhart in that case "in light of our conclusion that Sumner's prior conviction was for 'abusive sexual conduct involving a minor.'"

"[u]nder this approach, the sentencing court looks to the fact of conviction and the statutory definition of the prior offense and determines whether the full range of conduct encompassed by the state statute qualifies to enhance the sentence." Sonnenberg, 556 F.3d at 670. We then considered the text of the relevant state statute, using the categorical approach, and held that because the full range of conduct prohibited under the state statute related to "sexual abuse," the fact of conviction itself established that the § 2252(b)(1) enhancement applied. Id. at 671. We also noted that for the defendant's prior state conviction to trigger a sentencing enhancement, it "must stand in some relation to" one of the three prior-conviction categories of § 2252(b)(1).

Employing the same approach here, we conclude that a conviction for third-degree sexual assault under Nebraska Revised Statutes § 28-320 categorically triggered a sentencing enhancement under § 2252(b)(1). The Nebraska statute in effect at the time Knowles committed his offense was titled, "Sexual assault; second or third degree; penalty," and stated:

> (1) Any person who subjects another person to sexual contact (a) without consent of the victim, or (b) who knew or should have known that the victim was physically or mentally incapable of resisting or appraising the nature of his or her conduct is guilty of sexual assault in either the second degree or third degree.
>
> (2) Sexual assault shall be in the second degree and is a Class III felony if the actor shall have caused serious personal injury to the victim.
>
> (3) Sexual assault shall be in the third degree and is a Class I misdemeanor if the actor shall not have caused serious personal injury to the victim.

Neb. Rev. Stat. § 28-320 (1998). The Nebraska Revised Statutes define "sexual contact" to mean:

-5-

[T]he intentional touching of the victim's sexual or intimate parts or the intentional touching of the victim's clothing covering the immediate area of the victim's sexual or intimate parts. Sexual contact shall also mean the touching by the victim of the actor's sexual or intimate parts or the clothing covering the immediate area of the actor's sexual or intimate parts when such touching is intentionally caused by the actor. Sexual contact shall include only such conduct which can be reasonably construed as being for the purpose of sexual arousal or gratification of either party. Sexual contact shall also include the touching of a child with the actor's sexual or intimate parts on any part of the child's body for purposes of sexual assault of a child . . . .

Neb. Rev. Stat. § 28-318(5). In United States v. Cover, 703 F.3d 477, 481 (8th Cir. 2013), we concluded that the Nebraska statutory definition of sexual contact set forth above "fits squarely within our definition of sexual abuse under § 2252(b)(2), which requires that the conviction 'relate to the physical or non-physical misuse or maltreatment of a [victim] for a purpose associated with sexual gratification.'" Using the categorical approach, we held that any conviction under the Nebraska statute at issue was sufficient to trigger a sentencing enhancement under § 2252(b)(2) and that "[w]e need not look to the facts underlying [the] conviction, since the conviction itself triggers the mandatory minimum under" § 2252(b)(2). Id. at 481-82.

The same holds true in this case. A conviction for sexual assault under Nebraska Revised Statutes § 28-320, *i.e.*, a conviction for subjecting another person "to sexual contact" without that person's consent, categorically "relat[es] to . . . sexual abuse" under § 2252(b)(1). Because Knowles's conviction for third-degree sexual assault under the Nebraska statute was categorically a "prior conviction . . . under the laws of any State relating to . . . sexual abuse," the district court did not err in imposing a fifteen-year mandatory minimum sentence under § 2252(b)(1). And because the § 2252(b)(1) sentencing enhancement is triggered by any conviction under § 28-320 of the Nebraska Revised Statutes—regardless of the facts underlying a particular conviction—we need not reach Knowles's argument that, under

<u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013), the district court erred by considering the facts underlying his Nebraska conviction.

The judgment is affirmed.

_____