# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4529

_____

United States of America

*Plaintiff - Appellee*

v.

Edward Grimes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 17, 2017
Filed: May 1, 2018

_____

Before COLLOTON and GRUENDER, Circuit Judges, and READE,[1] District
Judge.

_____

GRUENDER, Circuit Judge.

Edward Grimes was sentenced to 228 months' imprisonment after pleading
guilty to attempted distribution of child pornography, attempted receipt of child

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern
District of Iowa, sitting by designation.

pornography, and possession of child pornography. *See* 18 U.S.C. § 2252(a)(2) & (4). In arriving at this sentence, the district court[2] concluded that Grimes's prior sex-crimes convictions triggered an enhanced statutory sentencing range for each offense, *see id.* § 2252(b)(1) & (2), and that he qualified for a pattern-of-activity enhancement pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2G2.2(b)(5). Grimes now challenges his sentence, arguing that the Government failed to prove that he qualified for either enhancement. We affirm.

## I.

Law enforcement developed an interest in Grimes during an investigation into a digital album containing child pornography that was posted on the image-hosting site "IMGSRC.RU." By examining the user account of the album's creator, agents with the Department of Homeland Security's Cyber Crimes Center were able to trace email and IP addresses to Grimes. They then verified his identity by matching a picture of a nude man holding a cat from a related album with Grimes's Missouri driver's license photograph. Based on this information, officers secured a search warrant for Grimes's residence. Though he initially denied possessing or distributing child pornography, a forensic investigation of the hard drives and electronic-storage devices found at his home yielded numerous images and videos of nude children, including prepubescent children engaged in sex acts. Officers also discovered that a message sent from Grimes's email account contained images of nude children.

Grimes was subsequently charged in a three-count indictment for attempted distribution of child pornography, attempted receipt of child pornography, and possession of child pornography. *See* 18 U.S.C. § 2252(a)(2) & (4). The distribution and receipt counts each carried a statutory minimum sentence of 5 years and a

---

[2]The Honorable David Gregory Kays, Chief Judge, United States District Court for the Western District of Missouri.

maximum of 20 years, *see id.* § 2252(b)(1), while the possession count had no statutory minimum and a maximum of 10 years, *see id.* § 2252(b)(2). Before Grimes pleaded guilty, however, the Government gave notice that it would seek enhanced mandatory sentencing ranges for all three counts under 18 U.S.C. § 2252(b)(1) and (2), based on his prior New York convictions for first-degree sexual abuse and second-degree sodomy. *See* N.Y. Penal Law § 130.65 (McKinney 1965); *id.* § 130.45. The presentence investigation report ("PSR") likewise recommended enhancing the sentencing ranges based on these convictions. Thus, the resulting sentencing ranges were 15 to 40 years for the distribution and receipt counts and 10 to 20 years for the possession count. The PSR also concluded that Grimes qualified for a five-level guidelines enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor. *See* U.S.S.G. § 2G2.2(b)(5).

At Grimes's sentencing hearing, the Government offered five exhibits to establish his prior convictions. This evidence included New York certificates of disposition, charging documents, and supporting affidavits. In response, Grimes argued that the district court could not consider these records for purposes of the enhancements because they fell outside the limited set of documents authorized by *Shepard v. United States*. *See* 544 U.S. 13, 20-21 (2005). He also suggested that this evidence failed to prove the specific subsections under which he was convicted and that this deficiency precluded the enhancement of his sentence because the New York offenses criminalized conduct that exceeded the scope of both enhancements.

The district court overruled Grimes's objections and found that he qualified for both enhancements. After determining that the resulting guidelines range was 180 to 210 months' imprisonment, the court varied upward and sentenced him to concurrent 228-month sentences. The court clarified that, based on its consideration of the factors contained in 18 U.S.C. § 3553(a), it would have arrived at this sentence even if it had sustained all of his objections. Grimes timely appealed, arguing that the Government failed to prove that he qualified for either enhancement.

-3-

## II.

### A.

Grimes first challenges the enhancement of his statutory sentencing ranges under § 2252(b)(1) and (2). These twin provisions provide for an increase in the mandatory minimum and maximum sentences applicable to the offenses set out in § 2252(a) where a defendant has a prior state conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252(b)(1) & (2). In considering challenges involving this enhancement, "we review the district court's factual findings for clear error and its interpretation and application of statutory sentencing provisions *de novo*." *United States v. Sumner*, 816 F.3d 1040, 1043 (8th Cir. 2016). Because even one qualifying conviction is sufficient for an enhanced sentencing range and because New York second-degree sodomy qualifies under these provisions, we limit our analysis to this conviction.

Grimes claims that the Government failed to establish the statutory subsection under which he was convicted because the certificates of disposition and other exhibits do not qualify as *Shepard* documents and, as a result, the district court was prohibited from considering them. *See* 544 U.S. at 20-21. Yet, as Grimes has acknowledged, the version of N.Y. Penal Law § 130.45 in effect at the time of his conviction criminalized only sodomy with a minor less than fourteen years old, unlike the current multi-offense statute. *See* N.Y. Penal Law § 130.45 (McKinney 2003). Thus, at least with respect to this conviction, there is no lack of clarity as to the specific statutory offense of conviction. In any event, "[t]he facts of this case do not implicate . . . *Shepard* [because t]he district court did not look to the Certificate of Disposition for underlying facts of [Grimes's] offense . . . [but rather] as proof of *the existence* of the prior conviction." *See United States v. Neri-Hernandes*, 504 F.3d 587, 591 (5th Cir. 2007) (emphasis added). Therefore, we conclude that the district court did not clearly err in determining that Grimes was convicted of second-degree

sodomy,[3] and we proceed to consider whether the court erred in finding that this offense qualifies under § 2252(b)(1) and (2).

These provisions provide for enhanced sentencing ranges for all three counts if Grimes has even one prior conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." *See* 18 U.S.C. § 2252(b)(1) & (2). As we explained in *United States v. Sonnenberg*, "Because the statute does not define aggravated sexual abuse, sexual abuse, or abusive sexual conduct with a minor or ward, we give the terms their ordinary, contemporary, common meaning." 556 F.3d 667, 671 (8th Cir. 2009) (internal quotation marks omitted). Moreover, "[t]he phrase 'relating to' carries a broad ordinary meaning, i.e., to stand in some relation to; to have bearing or concern; to pertain; refer; to bring into association or connection with." *Id.* Thus, this enhancement applies if New York second-degree sodomy "stand[s] in some relation to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." *See id.*

At the time of Grimes's conviction, a person committed second-degree sodomy when, "being eighteen years old or more, he engage[d] in deviate sexual intercourse with another person less than fourteen years old." *See* N.Y. Penal Law § 130.45

---

[3]Grimes correctly notes that the Government bears the burden of proving the contested fact of his conviction by a preponderance of the evidence. *See United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). To the extent that he challenges the reliability of the certificates of disposition and other exhibits, the operative question is whether the information contained therein "has sufficient indicia of reliability to support its probable accuracy." *See* U.S.S.G. § 6A1.3(a); *see also Neri-Hernandes*, 504 F.3d at 591-92. Although we acknowledge that some New York certificates of disposition may require closer examination in other cases, *see United States v. Green*, 480 F.3d 627, 633-34 (2d Cir. 2007) (discussing the reliability of New York certificates of disposition involving pre-1990 convictions under multi-offense criminal statutes), we see no reason to doubt the validity of the certificate of disposition here concerning Grimes's second-degree sodomy conviction.

(McKinney 1965). New York further defined "deviate sexual intercourse" as "sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and penis, or the mouth and the vulva." *See People v. Griffith*, 435 N.Y.S.2d 767, 769 (N.Y. App. Div. 1981). Grimes does not dispute that the plain terms of this offense fall within the broad definition we have adopted for "abusive sexual conduct involving a minor," and indeed, it would be difficult to do so. *See Sonnenberg*, 556 F.3d at 671 (defining this phrase as "a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification"). Instead, Grimes claims that the sodomy offense is "overbroad in only requiring a sexual act, not the requisite mens rea," which we read as a reference to the lack of a specific-intent requirement concerning the victim's age. However, the conviction at issue in *Sonnenberg*—Iowa lascivious acts with children—qualified under § 2252(b)(1) despite the absence of any such requirement. *See id.* Further, we see no basis for adopting Grimes's position that "the crime[] of . . . abusive sexual conduct with a minor or ward, *require[s] a specific criminal intent* [based on its] 'ordinary, contemporary, common meaning.'" Despite his assertion to the contrary, *United States v. Thunderhawk* does not require a *mens rea* showing as to the victim's age, *see* 799 F.3d 1203, 1208 (8th Cir. 2015), and it is telling that the federal offense of "sexual abuse of a minor" expressly rejects any "state of mind proof requirement" concerning age, *see* 18 U.S.C. § 2243(d)(1). Thus, we conclude that Grimes's sodomy conviction qualifies under § 2252(b)(1) and (2), and accordingly, the district court did not error in enhancing his statutory sentencing ranges.

## B.

Grimes also claims that the district court erred in applying the five-level enhancement under U.S.S.G. § 2G2.2(b)(5) because the Government failed to prove that he had engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. "[W]e review the district court's application of the Guidelines de novo and the court's factual findings for clear error." *United States v. Poe*, 764 F.3d 914, 917 (8th Cir. 2014). Moreover, as we recently explained in *United States v. Dace*:

An incorrect Guidelines calculation is harmless error where the district court specifies [that] the resolution of a particular issue did not affect the ultimate determination of a sentence . . . . While in some cases a court sentencing a defendant under an incorrect Guidelines range may require remand without any further showing of prejudice, when a district court's detailed explanation for the sentence imposed makes clear that the judge based the sentence he or she selected on factors independent of the Guidelines, the error may be harmless.

842 F.3d 1067, 1069 (8th Cir. 2016) (internal quotation marks omitted).

Even assuming that the district court erred in applying the pattern-of-activity enhancement, any such error would be harmless. As in *Dace*, the district court varied upward from the guidelines range, making clear that it would have reached this conclusion based on its analysis of the § 3553(a) factors even if it had sustained Grimes's objection to the five-level enhancement. *See id.* at 1069-70. In particular, the court emphasized the nature and circumstances of the child-pornography offenses, which involved "shocking behavior"; Grimes's history and characteristics, including his convictions for child molestation; the need to protect the public; the impact on the children who were victims of Grimes's instant and prior offenses; and the potential victimization of other children. *See* 18 U.S.C. § 3553(a). Thus, based on the district court's thorough discussion of the § 3553(a) factors underlying its decision to vary upward and its clear explanation for why it would have imposed the same sentence even if it had sustained Grimes's objection to the pattern-of-activity enhancement, we conclude that any error as to the application of U.S.S.G. § 2G2.2(b)(5) was harmless.

## III.

Accordingly, we affirm Grimes's sentence.

_____