# United States Court of Appeals
### For the Eighth Circuit
_____

No. 23-3012
_____

United States of America

*Plaintiff - Appellee*

v.

Joseph Garner

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: June 10, 2024
Filed: October 21, 2024
_____

Before LOKEN, ERICKSON, and GRASZ, Circuit Judges.
_____

LOKEN, Circuit Judge.

Joseph Garner pleaded guilty to Receipt/Distribution of Child Pornography in violation of 18 U.S.C. §§ 2251(a)(2) and (b). The plea agreement acknowledged that, under the governing sentencing statute, § 2252(b)(1), Garner would be subject to a statutory five-year mandatory minimum term of imprisonment that would increase to fifteen years if the court determines that he has a prior conviction under enumerated federal laws or "under the laws of any State relating to aggravated sexual abuse,

sexual abuse, or abusive sexual conduct involving a minor or ward." The government agreed to dismiss a second count charging Garner with Attempted Production of Child Pornography in violation of 18 U.S.C. § 2251(a). After a change of plea hearing, the district court[1] accepted the guilty plea and dismissed the attempted production count.

Garner's Presentence Investigation Report ("PSR"), published prior to sentencing, noted that his criminal history included a 2015 Texas conviction for Indecency with a Child; Exposing Anus or Genitals in violation of Texas Penal Code § 21.11(a)(2)(A). Section 21.11(a), titled Indecency With a Child, provides:

> (a) A person commits an offense if, with a child younger than 17 years of age . . . [he]:
>
> (1) engages in sexual contact with the child or causes the child to engage in sexual contact; or
>
> (2) with intent to arouse or gratify the sexual desire of any person:
>
>> (A) exposes the person's anus or any part of the person's genitals, knowing the child is present; or
>>
>> (B) causes the child to expose the child's anus or any part of the child's genitals.

Tex. Penal Code § 21.11 (effective Sept. 1, 2009 to Aug. 31, 2017). Garner was convicted in 2015 after a jury trial for masturbating in front of a child for the purpose of sexual gratification. The Fifth Circuit has held that both contact and exposure offenses "constitute sexual abuse of a minor for purposes of § 2L1.2(b)(1)(A)(ii)" of

---

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

the Guidelines. See United States v. Romero-Hernandez, 588 F. App'x 382, 382 (5th Cir. 2014), cert. denied, 575 U.S. 972 (2015).

The PSR determined that this conviction qualifies as a predicate state law offense under 18 U.S.C. § 2252(b)(1). Garner objected to application of the statutory enhancement. At sentencing, after a discussion focused primarily on our prior decision in United States v. Sonnenberg, 556 F.3d 667 (8th Cir. 2009), the district court overruled Garner's objection and adopted the PSR without change. "I think Sonnenberg ties my hands. . . . [W]hile it's not the same statute, the logic in Sonnenberg applied to the statute here makes it 100 percent clear that . . . the Eighth Circuit would apply the enhancement."

Based on a total offense level of 30 and Garner's Category IV criminal history, the court determined his advisory guidelines sentencing range is 135 to 168 months imprisonment, adjusted upward to 180 to 188 months due to the enhanced statutory minimum. See USSG § 5G1.1(c)(2). The court sentenced Garner to 240 months followed by a lifetime term of supervised release. Garner appeals, arguing we should remand for resentencing without the statutory fifteen-year mandatory minimum sentence because his conviction for violating Texas Penal Code § 21.11 is not a predicate § 2252(b)(1) state law offense. The government moved to dismiss the appeal as barred by the appeals waiver in Garner's plea agreement. We ordered the motion taken with the case for disposition by the hearing panel.

We review *de novo* the district court's interpretation and application of statutory sentencing provisions. United States v. Sumner, 816 F.3d 1040, 1043 (8th Cir. 2016). To determine whether Garner's Texas conviction triggers the sentencing enhancement under § 2252(b)(1), we employ the categorical approach:

> Under this approach, the sentencing court looks to the fact of conviction and the statutory definition of the prior offense and determines whether

the full range of conduct encompassed by the state statute qualifies to enhance the sentence. If the statute criminalizes both conduct that would qualify a defendant for an enhancement, as well as conduct that would not do so, the court may refer to the charging document, the terms of a plea agreement, the transcript of the colloquy, jury instructions, and other comparable judicial records to determine the basis for the guilty plea or verdict.

Sonnenberg, 556 F.3d at 670 (citations omitted).

In United States v. Weis, we held that a prior Iowa conviction for assault with intent to commit sexual abuse -- no injury, was a qualifying predicate offense under § 2252(b)(1). 487 F.3d 1148, 1151-53 (8th Cir. 2007). The charging document and trial information specified that Weis "touch[ed a minor victim] with the intent to have sexual intercourse." Id. at 252 (cleaned up). We explained that this is an offense "'relating to . . . abusive sexual conduct,' whether or not the statute under which he was convicted required actual harm. . . . The phrase 'relating to' carries a broad ordinary meaning, i.e., to stand in some relation, to have bearing or concern; to pertain; refer; to bring into association with or connection with." Id. (quotation omitted). Further, "Weis's prior conviction required 'intent to commit sexual abuse.' Such a *mens rea* demonstrates the offense is one 'relating to' sexual abuse." Id.

In Sonnenberg, we again rejected the contention "that a state statute must criminalize only sexual acts involving physical touching to be 'relat[ed] to aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor or ward.'" 556 F.3d at 670. Section 2252(b)(1) "does not instruct us to apply" the definitions of those terms in chapter 109A of the U.S. Code. Therefore, we give the terms their ordinary, contemporary, common meaning. We concluded that "[t]he phrase 'sexual abuse of a minor' means a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification.'" Id. at 671, quoting United States v. Padilla-Reyes, 247 F.3d 1158, 1163 (11th Cir.), cert.

-4-

denied, 534 U.S. 913 (2001). Again emphasizing Congress's use of the broad term "relating to," we held that Sonnenberg's conviction for violating an Iowa statute criminalizing intentional "lewd, immoral, or lascivious acts" with a child was a predicate § 2252(b)(1) offense. Id. "By the terms of the statute, Sonnenberg either physically or nonphysically misused or maltreated a minor with the intent to seek libidinal gratification." Id.

We have since applied the Sonnenberg analysis in many cases involving § 2252(b)(1) statutory enhancements. See United States v. Mayokok, 854 F.3d 987, 991-93 & n.2 (8th Cir. 2017), cert. denied, 139 S.Ct. 2659 (2019); United States v. Knowles, 817 F.3d 1095, 1097-99 (8th Cir. 2016); United States v. Cover, 703 F.3d 477, 480-81 (8th Cir. 2013); United States v. Linngren, 652 F.3d 868, 870-72 (8th Cir. 2011), cert. denied, 565 U.S. 1220 (2012);United States v. Stults, 575 F.3d 834, 845-46 (8th Cir. 2009), cert. denied, 559 U.S. 915 (2010). We agree with the district court that these prior opinions are controlling and require us to affirm.

On appeal, Garner argues his prior conviction for an exposure violation of § 21.11(a)(2)(A) of the Texas Penal Code is not a predicate § 2252(b)(1) offense because the Texas statute "does not mention any of the language" from § 2252(b)(1) or use the word "abuse," and indecent exposure is not a federal offense included in § 2252(b)(1). But as our prior cases explain, we do not apply the federal statutory definitions of aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor in determining whether a prior state law conviction is a predicate § 2252(b)(1) offense; we give the terms their "ordinary, contemporary, common meaning." The relevant inquiry is whether the offense is one *relating to* abusive sexual conduct involving a minor, that is, whether the prior conviction "stand[s] in some relation to" abusive sexual conduct involving a minor. Weis, 487 F.3d at 1152; see Mayokok, 854 F.3d at 993 n.2 ("Congress used the modifier 'relating to,' . . . to subject a wider range of prior convictions to the § 2252(b)(1) enhancement."). We have repeatedly upheld application of the § 2252(b)(1) enhancement based on prior

-5-

convictions under state statutes that do not contain the word "abuse." <u>See, e.g.</u>, <u>Sonnenberg</u>, 556 F.3d at 669.

More to the point, Garner further argues that the Texas statute applies to "indecency," which is "not sufficiently 'related to' abusive misconduct." In <u>Sonnenberg</u>, we defined abusive sexual conduct with a minor to mean "a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." 556 F.3d at 671. We have repeatedly held that the § 2252(b)(1) enhancement "does not require the predicate offense to involve actual harm." <u>See, e.g.</u>, <u>Cover</u>, 703 F.3d at 481. We reject the argument that the common meaning of the term indecent precludes a relationship to abusive sexual conduct. The Texas statute is titled "Indecency with a Child" and encompasses sexual offenses against a child by exposure *and* those committed by contact, indicating that indecency does not stand apart from abuse. <u>See</u> <u>United States v. Hubbard</u>, 480 F.3d 341, 347 (5th Cir.) (holding that the defendant's prior state conviction for lewd or indecent proposals to a child related to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor was therefore a predicate state conviction under the comparable enhancement in § 2252A(b)(1)), <u>cert. denied</u>, 552 U.S. 990 (2007).

Similarly, in concluding that a prior conviction for violating § 21.11(a)(2) was a predicate "aggravated felony" offense that triggered the statutory enhancement in 8 U.S.C. § 1101(a)(43)(A), the Fifth Circuit held that the offense falls within the "'ordinary, contemporary, common' reading of the phrase 'sexual abuse of a minor.'" <u>United States v. Zavala-Sustaita</u>, 214 F.3d 601, 604 (5th Cir.), <u>cert. denied</u>, 531 U.S. 982 (2000). A violation, the court explained:

> is "sexual" because it must have sexual arousal or gratification as its purpose. It is abusive because it requires exposure with knowledge of the child's presence, thereby wrongly and improperly using the minor and thereby harming the minor.

Id.; see also United States v. Ary, 892 F.3d 787, 788-90 (5th Cir.) (upholding § 2252(b)(1) enhancement based on deferred adjudication of a § 21.11(a)(2) offense), cert. denied, 139 S. Ct. 394 (2018); United States v. Bennett, 824 F. App'x 236, 238 (5th Cir. 2020) (upholding § 2252(b)(1) enhancement for § 21.11(a)(2) offense despite absence of physical contact requirement), cert. denied, 141 S. Ct. 1109 (2021); cf. United States v. Moore, 71 F.4th 392, 400 (5th Cir. 2023) (upholding 18 U.S.C. § 2251(e) enhancement because § 21.11(a)(2) conviction related to sexual exploitation of children), cert. denied, 144 S. Ct. 551 (2024).

In light of this persuasive authority and given the "broad ordinary meaning" of relating to, we agree with the district court that a prior conviction for indecent exposure with a child in violation of § 21.11(a)(2)(A) categorically stands in some relation to a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification under Sonnenberg, 556 F.3d at 671, and Weis, 487 F.3d at 1152. Accordingly, the judgment of the district court is affirmed. We deny the government's pending motion to dismiss because Garner's argument on appeal fails on the merits. See United States v. Jones, 756 F.3d 1121, 1121 n.2 (8th Cir. 2014). We deny Garner's motion to file a *pro se* supplemental brief; "[i]t has long been Eighth Circuit policy that when a party is represented by counsel, we will not accept pro se briefs for filing." United States v. Hunter, 770 F.3d 740, 746 (8th Cir. 2014) (quotation omitted), cert. denied, 575 U.S. 1020 (2015).

———————————————————