# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1028

_____

United States of America

*Plaintiff - Appellee*

v.

Sharrod E. Dace

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 19, 2016
Filed: November 30, 2016
[Published]

_____

Before WOLLMAN, ARNOLD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Sharrod E. Dace pleaded guilty to a one-count indictment charging him with being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g) and

924(a)(2). At sentencing, the district court[1] discussed Dace's objections to categorization of two of Dace's prior convictions as crimes of violence: resisting arrest and second-degree robbery. The district court sustained Dace's objection with respect to the resisting arrest conviction, but found over Dace's objection that Dace's prior Missouri conviction for second-degree robbery constituted a crime of violence for purposes of sentencing. Dace appeals. Though the district court erred in concluding that Dace's second-degree robbery conviction qualifies as a crime of violence, we find that error to be harmless.

## I. Background

On January 20, 2014, Independence, Missouri, police officers received a report of suspicious activity in a Kohl's Department Store parking lot. Officers were told that a black Monte Carlo had entered the parking lot, and a male passenger had exited the car and was crouching between parked cars. When police later attempted to stop the Monte Carlo, a high-speed chase ensued. The Monte Carlo was ultimately found abandoned, but the license plate was traced to Dace.

Officers went to Dace's address, where Dace's girlfriend consented to a search of the house. During the search, officers discovered seven guns and found Dace hiding in a basement crawl space. Dace pleaded guilty to a one-count indictment charging him with being a felon in possession of firearms. At sentencing, the district court found that because Dace's prior conviction for Missouri second-degree robbery in violation of Mo. Rev. Stat. § 569.030 constituted a crime of violence under USSG § 4B1.2(a)(1), Dace was subject to a sentencing enhancement pursuant to § 2K2.1(a)(4). Applying the enhancement, Dace's Guidelines range was 46–57 months, but the court varied upward to impose a sentence of 75 months. The court

---

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

explained that it would have imposed the same sentence even if it had concluded that the Missouri second-degree robbery conviction did not constitute a crime of violence, highlighting the dangerous nature of the crime and what it considered to be Dace's particularly violent criminal history.

## II. Discussion

Dace argues that the district court erred in determining that a conviction under Missouri's second-degree robbery statute is a crime of violence under USSG § 4B1.2(a)(1) and therefore applying a sentencing enhancement for a prior crime of violence conviction under § 2K2.1(a)(4). While Dace's appeal was pending, our court addressed this very issue. United States v. Bell, — F.3d. —, 2016 WL 6311084, at *1–3 (8th Cir. 2016) (discussing Johnson v. United States, 559 U.S. 133, 140 (2010)). We held that a conviction for second-degree robbery in Missouri does not trigger an enhancement under § 2K2.1—which incorporates the definition of "crime of violence" articulated in § 4B1.2—because it does not have, as an element of the offense, the use of violent force. Id. at *3 (addressing whether Missouri second-degree robbery qualifies as a crime of violence under only the force clause of § 4B1.2). Therefore, the district court erred in determining that Dace's second-degree robbery conviction warranted a sentencing enhancement for a prior crime of violence.

"A failure to properly calculate the advisory Guidelines range is a significant procedural error . . . ." United States v. Spikes, 543 F.3d 1021, 1023 (8th Cir. 2008). Where, as here, a defendant preserves a Guidelines challenge, we review for harmless error. United States v. Martinez, 821 F.3d 984, 988 (8th Cir. 2016). "[T]he Government bears the burden of persuasion to demonstrate that the error was harmless, that is, that the error did not affect [Dace's] substantial rights." Spikes, 543 F.3d at 1025.

An incorrect Guidelines calculation "'is harmless error where the district court specifies the resolution of a particular issue did not affect the ultimate determination of a sentence,' such as when the district court indicates it would have alternatively imposed the same sentence even if a lower guideline range applied." Martinez, 821 F.3d at 988–89 (internal citations omitted) (quoting United States v. Thibeaux, 784 F.3d 1221, 1227 (8th Cir. 2015)). While in some cases a court sentencing a defendant under an incorrect Guidelines range may require remand without any further showing of prejudice, when a district court's detailed explanation for the sentence imposed makes "clear that the judge based the sentence he or she selected on factors independent of the Guidelines," the error may be harmless. United States v. Molina-Martinez, 136 S. Ct. 1338, 1346–47 (2016); see United States v. Icaza, 492 F.3d 967, 970–71 (8th Cir. 2007) (district court's explanation must be sufficiently detailed in order to establish harmless error).

Here, the district court varied upward from the 46–57-month Guidelines range and sentenced Dace to a 75-month term of imprisonment.[2] In so doing, the district court engaged in a thorough discussion of the § 3553(a) factors. The court highlighted Dace's particular characteristics, noting that Dace had "one of the most violent records for someone your age that I've seen," including participation in robberies resulting in bodily injury to the victims. The court emphasized that Dace had previously been sentenced to at least one six-year term of imprisonment, to no apparent deterrent effect, and expressed the view that "you don't get less time the more felonies you commit." The court repeatedly stressed the need for deterrence and the need to protect the public.

---

[2] Absent the sentencing enhancement for a prior crime of violence, but applying all other enhancements and reductions applied by the district court, Dace would have had an offense level of 13 and a criminal history category of IV, making the applicable advisory Guidelines range 24–30 months.

The court also discussed the nature and circumstances of the instant offense, including the attendant, and very dangerous, high-speed chase. The court explained that leading police on a high-speed chase often results in injury or death, and poses a substantial threat to innocent bystanders. And, in explaining that it would have imposed the same sentence had it not applied the enhancement for a prior crime of violence, the court explicitly noted that its upward variance was based on "the very serious nature of this offense," and "the danger to the public." The court made clear that it relied on the § 3553(a) factors—independent of the Guidelines range—in deciding to vary upward. Cf. United States v. Mulverhill, 833 F.3d 925, 931 (8th Cir. 2016) (remanding for procedural error when "[t]he district court made no affirmative statements or indications of its intention to impose the same sentence even if [the defendant's] total offense level were lower"); Icaza, 492 F.3d at 971 (remanding where district court's explanation for alternative sentence was not sufficiently detailed). The district court both provided a detailed explanation of its reasons for the upward variance and acknowledged that these reasons would apply even in the face of Dace's objection, saying "even if I sustained all of your objections to the guidelines . . . I'd still come to the same place, even though the guideline calculations may be different."

Given the district court's thorough discussion of the § 3553(a) factors underlying its decision to vary upward, and its explanation for the sentence imposed even had the court sustained Dace's objection to the Guidelines calculation, the district court's procedural error was harmless. We affirm.

_____