# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3996

_____

United States of America

*Plaintiff - Appellee*

v.

Jonathan J. Monshower

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 18, 2017
Filed: September 28, 2017
[Unpublished]

_____

Before LOKEN, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jonathan Monshower appeals the district court's[1] sentence of 108 months, following his guilty plea to being a felon in possession of a firearm in violation of 18

_____

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

U.S.C. §§ 922(g)(1) and 924(a)(2). Monshower specifically challenges a six-level enhancement under United States Sentencing Guidelines § 3A1.2(c)(1)[2] for assaulting an official victim–his arresting officer. The testimony at the sentencing hearing established the following factual basis for the enhancement.

After responding to a traffic accident wherein Monshower had run into a parked car, Officer Evan Bateman observed Monshower sitting in his car, nervous and sweating profusely. Bateman directed Monshower to get out of the car, and as Monshower did so, Bateman observed that Monshower was moving in an awkward and slow manner, which aroused Bateman's suspicions. Bateman decided to pat down Monshower for weapons and discovered a handgun in Monshower's waistband. At that point, Monshower also grabbed for the firearm in the waistband, resulting in both Bateman and Monshower having a hand on the firearm. A struggle ensued, and Bateman believed that Monshower was attempting to turn toward him and draw the firearm. Bateman took Monshower to the ground, so that Monshower's stomach was on the ground, with the firearm pinned underneath Monshower, and both men still had a hand on the firearm. Ultimately, Bateman drew his own firearm and pointed it at the back of Monshower's head until Monshower stopped struggling. Another officer assisted and pulled Monshower's arm away from the firearm.

The district court credited Bateman's testimony at the sentencing hearing, finding that Bateman's belief that Monshower was attempting to grab his gun and threaten or shoot Bateman was a reasonable interpretation of the events at that moment by an officer with Bateman's background and experience. With the application of the six-level enhancement, Monshower's Guidelines range was 84 to

---

[2]Section 3A1.2(c)(1) provides for a six-level enhancement to the base offense level for any defendant who, "knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom" and did so "in a manner creating a substantial risk of serious bodily injury."

105 months. However, citing the § 3553(a) factors, most specifically the need to protect the public and the need for deterrence (because Monshower had previously assaulted a law enforcement officer and committed the current crime while on parole), the district court varied upwards to a sentence of 108 months. The district court also indicated that even if it had not added the six-level official-victim enhancement, 108 months was the sentence it would have arrived at, given all of the circumstances.

Reviewing de novo, we find that the district court's factual findings were not clearly erroneous and that it correctly applied the official-victim enhancement. See United States v. Hill, 583 F.3d 1075, 1077, 1078-80 (8th Cir. 2009) (applying de novo standard of review and affirming application of the official-victim enhancement under sufficiently similar facts involving a defendant, fleeing a car accident scene, who turned toward the chasing officer while trying unsuccessfully to obtain a weapon from his waistband); see also United States v. Olson, 646 F.3d 569, 572, 574 (8th Cir. 2011) (affirming application of the official-victim enhancement and defining conduct that was sufficiently assaultive, based upon the common law definition of assault, to qualify for the enhancement). And, even if it the enhancement should not have applied, the district court indicated its intent to impose its chosen sentence, making any error harmless. United States v. Dace, 842 F.3d 1067, 1069 (8th Cir. 2016). Finally, the district court did not abuse its discretion by imposing a substantively unreasonable sentence. United States v. Thibeaux, 784 F.3d 1221, 1227 (8th Cir. 2015) (standard of review). Accordingly, we affirm.

_____