# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2138

_____

United States of America,

*Plaintiff - Appellee,*

v.

Brandon David Kinnear,

*Defendant - Appellant,*

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: May 18, 2018
Filed: August 6, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, BEAM and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Brandon Kinnear pleaded guilty to unlawful possession of a firearm as a previously convicted felon. *See* 18 U.S.C. § 922(g)(1). At sentencing, the district

court[1] increased Kinnear's base offense level under USSG § 2K2.1(a)(2) after concluding that Kinnear had sustained two prior felony convictions for a "crime of violence." Because Kinnear's guideline range was greater than the ten-year statutory maximum penalty, the statutory maximum became the guideline sentence under USSG § 5G1.1, and the court sentenced Kinnear to 120 months' imprisonment. Kinnear appeals, arguing that the court committed procedural error in determining that he had two prior convictions for a crime of violence, rather than only one. Because the district court made clear that it would sentence Kinnear to 120 months regardless of the guideline calculation, any potential error was harmless, and we affirm the judgment.

The sentencing guidelines provide for a base offense level of 20 if a defendant unlawfully possesses a firearm "subsequent to sustaining one felony conviction of . . . a crime of violence." USSG § 2K2.1(a)(4)(A). But if a defendant has two such qualifying convictions, the guidelines provide for a base offense level of 24. *Id.* § 2K2.1(a)(2). Kinnear contends that the court improperly concluded that one of his prior convictions—a 2014 conviction in Iowa for assault with intent to inflict serious injury—is a crime of violence, and that he therefore had sustained only one qualifying conviction. Without the four-level increase under § 2K2.1(a)(2), Kinnear's guideline range would have been 92 to 115 months.

There are some debatable questions about whether Kinnear's assault conviction counts as a crime of violence, but we need not address them in light of the district court's explanation at sentencing. The court said that whether § 2K2.1(a)(2) applied based on the prior assault conviction was "an academic issue" that "[did] not control the sentence," because "the court would have sentenced in the same fashion anyway." In other words, even if Kinnear's guideline range were 92 to 115 months, the court

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

would have varied upward and sentenced him to a term of 120 months. The court highlighted the seriousness of Kinnear's firearms offense, and explained that Kinnear's criminal history raised a "serious concern" that he might endanger the public by committing future crimes. The court therefore concluded that "under all of the circumstances of this case," 120 months was the appropriate sentence. The court's rationale was sufficient to support a modest upward variance from 115 to 120 months, if necessary, and any error in the guideline calculation was therefore harmless. *See United States v. Dace*, 842 F.3d 1067, 1069-70 (8th Cir. 2016).

The judgment of the district court is affirmed.

_____