# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3098

_____

United States of America

*Plaintiff - Appellee*

v.

Bobby Joe Kemp

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: September 24, 2018
Filed: November 16, 2018

_____

Before WOLLMAN, KELLY, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Bobby Joe Kemp appeals the sentences imposed after his Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), conviction was vacated by the district court[1] pursuant to Mathis v. United States, — U.S. —, 136 S. Ct. 2243 (2016).  The

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

district court[2] re-sentenced Kemp on both the ACCA conviction and his drug trafficking conviction. Kemp argues that the sentences imposed at the re-sentencing hearing were procedurally unreasonable because of a miscalculation of the applicable United States Sentencing Guidelines ("USSG" or "Guidelines") range. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.     Background

On November 26, 2013, Kemp appeared before the district court for sentencing on two offenses: conspiracy to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count I); and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count II). Because of the quantity of methamphetamine involved, the penalties for Count I included a mandatory minimum term of imprisonment of 10 years. 21 U.S.C. § 841(b)(1)(A). Due to Kemp's three prior Missouri convictions for second-degree burglary, Kemp faced an enhanced 15-year mandatory minimum term of imprisonment on Count II under the ACCA, rather than the statutory maximum term of 10 years set forth in 18 U.S.C. § 924(a)(2).

The district court, in calculating the applicable Guidelines range, determined that, with respect to Count I, Kemp was a career offender under USSG § 4B1.1 and with respect to Count II, Kemp was an armed career criminal under USSG § 4B1.4(a). After grouping the offenses, the district court found that the applicable Guidelines range was a term of imprisonment of 324 to 405 months, based on a total offense level of 36 and criminal history category VI. Judge Jackson sentenced Kemp to concurrent terms of 210 months' imprisonment.

---

[2]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

On November 3, 2016, Kemp filed a motion under 28 U.S.C. § 2255, seeking relief under Mathis, 136 S. Ct. 2243. The district court concluded that, after Mathis, Kemp no longer had the requisite number of qualifying violent felony convictions to support the ACCA-enhanced sentence imposed on Count II. Judge Jackson determined that Count I was unaffected and ordered a re-sentencing hearing on Count II only.

By administrative order, Kemp's case was transferred to Judge Limbaugh for the re-sentencing hearing. The re-sentencing hearing was held on September 6, 2017. On re-sentencing, the parties disputed whether Kemp could be re-sentenced on Count I. Kemp advocated for re-sentencing on Count I under the sentencing packaging doctrine. Judge Limbaugh re-sentenced Kemp on both counts since the amount of time Kemp would spend in custody was going to be unchanged. In calculating the applicable Guidelines range, the court relied on the 2013 Sentencing Guidelines manual as contained in the Resentencing Report prepared by the United States Probation Office. The Guidelines calculation recited at the initial sentencing hearing was re-announced at re-sentencing. Judge Limbaugh re-imposed a term of imprisonment of 210 months on Count I and imposed the statutory maximum, a concurrent term of 120 months' imprisonment, on Count II.

## II.    Discussion

Kemp seeks a remand because Judge Limbaugh used the 2013 edition of the Guidelines manual in effect at the time of his initial sentencing rather than the 2016 edition in effect at the time of his re-sentencing hearing. "Generally, district courts should apply the Guidelines 'that are in effect on the date the defendant is sentenced.'" United States v. Steward, 880 F.3d 983, 985 (8th Cir. 2018) (internal quotation marks omitted) (quoting Peugh v. United States, 569 U.S. 530, 537–38 (2013)). The United States concedes that when the court re-sentenced Kemp on both counts, it should have recalculated the Guidelines range for Count I because (A) the

drug quantity amount would have been two levels lower pursuant to Amendment 782, and (B) burglary was removed as a predicate offense for career offender classification under Amendment 798.

"We review a sentence in two parts: first, we review for significant procedural error, such as an improper calculation of the advisory sentencing guidelines range; and second, absent significant procedural error, we review for substantive reasonableness." United States v. Fischer, 551 F.3d 751, 754 (8th Cir. 2008) (citations omitted). We have determined that "[a] failure to properly calculate the advisory Guidelines range is a significant procedural error...." United States v. Spikes, 543 F.3d 1021, 1023 (8th Cir. 2008). "Where, as here, a defendant preserves a Guidelines challenge, we review for harmless error." United States v. Dace, 842 F.3d 1067, 1069 (8th Cir. 2016) (per curiam) (citing United States v. Martinez, 821 F.3d 984, 988 (8th Cir. 2016)).

When analyzing an incorrect Guidelines calculation, we have explained:

> An incorrect Guidelines calculation is harmless error where the district court specifies [that] the resolution of a particular issue did not affect the ultimate determination of a sentence.... While in some cases a court sentencing a defendant under an incorrect Guidelines range may require remand without any further showing of prejudice, when a district court's detailed explanation for the sentence imposed makes clear that the judge based the sentence he or she selected on factors independent of the Guidelines, the error may be harmless.

United States v. Grimes, 888 F.3d 1012, 1017 (8th Cir. 2018) (alteration in original) (quoting Dace, 842 F.3d at 1069).

Here, even though the district court procedurally erred when calculating the applicable Guidelines range on re-sentencing, the record plainly establishes that the

-4-

error was harmless. The district court repeatedly stated that the sentence was going to be the same regardless of whether re-sentencing occurred as to only the vacated count or both counts:

> Okay. All right. Well, in any event, I'll just say up front that my conclusions on the disposition in this case will be the same whether I was resentencing on both counts or just the one count that Judge Jackson vacated under the Johnson case.
>
> * * *
>
> You know, like I said, it's not going to matter, because I'm going to give him the same sentence. I might as well resentence him on both.

The court clearly identified not only the contested issue of the parameters of the re-sentencing hearing, but also discussed the facts necessary to support its broader sentencing decision instead of merely relying on Kemp's advisory Guidelines range:

> First of all, I looked at your criminal history, and it is hugely substantial with all the felony offenses, but the prosecutor is right the amount of methamphetamine involved was more than 5 kilograms. It was an enormous amount. And it's my opinion that you got hugely lenient treatment when you were originally sentenced in the case.
>
> * * *
>
> As I say, that is still very lenient treatment from the top of the guidelines, or from the bottom of the guidelines I should say, 324 to 405 months, or even if the guidelines were reduced to what your lawyer indicated, even assuming that I was imposing a sentence with that lower guideline range, I would still think that given all the factors under 3553(a) that the appropriate sentence - - or I should say that the generous and lenient sentence would still be 210 months.

On this record, any error in calculating the applicable Guidelines range was harmless.

-5-

## III.  Conclusion

We affirm the judgment of the district court.

_____