# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1679

_____

United States of America

*Plaintiff - Appellee*

v.

Lorenzo T. Burns

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 15, 2019
Filed: June 17, 2019
[Unpublished]

_____

Before SHEPHERD, MELLOY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Lorenzo Burns appeals his 62-month sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), arguing that the

district court[1] abused its discretion in applying an upward variance from the top of his United States Sentencing Guidelines range. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

On September 26, 2016, Kansas City, Missouri police officers stopped Burns for a traffic violation, determined he had outstanding warrants and no valid driver's license, and arrested him. A subsequent inventory search of Burns's vehicle revealed a loaded handgun. The officers determined Burns had a felony conviction and detained him.

Burns was indicted on and pled guilty to one count of being a felon in possession of a firearm. The district court determined, based on an offense level of 15 and a criminal history placing him in Category V, that Burns's Guidelines range was 37 to 46 months. The district court then considered the sentencing factors listed in 18 U.S.C. § 3553(a). As part of this discussion, the district court stated, "The deterrence thing. . . . You don't get less time for the more crime you commit. Otherwise, that's not going to work. . . . One of the things we look at is like how much time has he got in state court? That hasn't deterred his behavior. He's here. We look at that." Sent. Tr. 14, Dist. Ct. Dkt. 29. In addition to deterrence, the district court emphasized Burns's personal and criminal history, the need to protect the public from further crimes, and the need to avoid unwarranted sentence disparity. It ultimately decided to vary upward based on these factors and applied a 16-month upward variance, sentencing Burns to 62 months imprisonment.

On appeal, Burns argues that his sentence is substantively unreasonable because the district court did not begin its sentencing analysis with a properly-calculated Guidelines range but, instead, disregarded the Guidelines range and

---

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

proceeded on the belief that a defendant should not be sentenced to a term of imprisonment shorter than a previously-imposed sentence. We review the substantive reasonableness of a sentence for an abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A district court abuses its [sentencing] discretion . . . when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008).

The district court must consider the Sentencing Guidelines in its sentencing determination, but it is not bound by the recommended Guidelines range. See Gall v. United States, 552 U.S. 38, 46-47 (2007). The district court must also consider the § 3553(a) factors, though it need not individually discuss each factor. United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004). District courts have broad discretion when applying the § 3553(a) factors and need not find "extraordinary circumstances" to impose a sentence higher than the Guidelines range. Gall, 552 U.S. at 47, 51.

While the district court's remark to Burns indicating that defendants do not get shorter sentences for committing more crime may be incorrect as an invariable summation of sentencing law, that remark, on its own, does not constitute reversible error. See United States v. Dace, 842 F.3d 1067, 1070 (8th Cir. 2016) (per curiam) (upholding an 18-month upward variance as substantively reasonable when the district court told the defendant that "you don't get less time the more felonies you commit" but based its decision on the § 3553(a) factors). The district court here specifically stated that it considered the Guidelines range and all the § 3553(a) factors. It explicitly discussed at least five of the § 3553(a) factors at sentencing and explained how each factor affected its sentencing analysis. It then imposed an upward variance based on Burns's criminal history, the need to protect the public, and "all those other factors [it had] just stated." Sent. Tr. 15.

Based on the district court's own words at sentencing, it did not ignore the Guidelines range and considered all the appropriate factors in arriving at its sentencing decision. We therefore decline to find that the district court abused its discretion in applying an upward variance in this case.

We affirm the district court's judgment.

_____