United States Court of Appeals

For the Eighth Circuit

_____

No. 18-2141
_____

United States of America

*Plaintiff - Appellee*

v.

Miquelle Miller

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: April 19, 2019
Filed: July 17, 2019
[Unpublished]
_____

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.
_____

PER CURIAM.

After Miquelle Miller pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2), the district court[1] sentenced him to ten

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

years in prison. He challenges several aspects of the court's Sentencing Guidelines calculation, all arising out of a finding that he attempted to murder a police officer with the firearm he possessed. Because the court made clear that it would have imposed the same ten-year sentence in the absence of this finding, we affirm.

At the sentencing hearing, the district court heard testimony that Miller fired at a police officer who was trying to apprehend him. Although Miller claimed that the gunshot was accidental, the government presented evidence supporting a contrary conclusion. The court sided with the government, which resulted in four changes to Miller's Guidelines calculation. Most significantly, it increased his base offense level from 14 to 33. *See* U.S.S.G. §§ 2A2.1(a)(1), 2K2.1(a)(6), (c)(1)(A). The court added another six levels for knowing or having "reasonable cause to believe" that he fired at a "law enforcement officer." *Id.* § 3A1.2(c)(1). And finally, for lying about the circumstances surrounding the incident, the court gave him a two-level enhancement for obstruction of justice, *id.* § 3C1.1, and denied a two-level reduction for acceptance of responsibility, *id.* § 3E1.1.

We need not decide whether the district court should have made different findings because, whatever the answer, the court made clear that it would have imposed the same sentence by "vary[ing] from the advisory guidelines." *See United States v. Dace*, 842 F.3d 1067, 1069 (8th Cir. 2016) (per curiam) ("An incorrect Guidelines calculation is harmless error where the district court specifies the resolution of a particular issue did not affect the ultimate determination of a sentence." (internal quotation marks and citation omitted)). Indeed, the court stated that, given the statutory sentencing factors in 18 U.S.C. § 3553(a), it would have ended "up exactly in the same place" even if Miller had not intended to kill the officer. The court explained that the seriousness of his offense, his extensive and violent criminal history, his "very unsuccessful" performance during an earlier period of supervision, and his high risk of recidivism called for a lengthy sentence. Given this analysis, any potential Guidelines "miscalculation did not affect the

district court's selection of the sentence imposed." *United States v. Staples*, 410 F.3d 484, 492 (8th Cir. 2005).

We accordingly affirm the judgment of the district court.

_____