# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-1091

_____

United States of America

*Plaintiff - Appellee*

v.

Alexander Haskin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 9, 2019
Filed: January 7, 2020
[Unpublished]

_____

Before ERICKSON, ARNOLD, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Alexander Haskin was convicted of being a felon in possession of ammunition. *See* 18 U.S.C. § 922(g)(1). A presentence investigation report recommended that, in calculating Haskin's Sentencing Guidelines range, four levels should be added to his offense level because he possessed the ammunition "in connection with another

felony offense," *see* USSG § 2K2.1(b)(6)(B), namely, possessing a felonious amount of marijuana. Haskin objected to application of the enhancement, but the district court[1] overruled his objection and sentenced him to forty-eight months' imprisonment. Haskin appeals, arguing that the evidence was insufficient to show a connection between the ammunition and marijuana.

The government concedes that the evidence was insufficient to support the enhancement. But it argues that any error in calculating Haskin's Guidelines range was harmless because the district court stated at the sentencing hearing that it would sentence Haskin to forty-eight months in prison with or without application of the enhancement. We agree.

Though a miscalculation of the Guidelines range is a significant procedural error, we will not reverse if the error was harmless. *See United States v. Kemp*, 908 F.3d 1138, 1140 (8th Cir. 2018). An error is harmless "when the district court indicates it would have alternatively imposed the same sentence even if a lower guideline range applied." *United States v. Dace*, 842 F.3d 1067, 1069 (8th Cir. 2016) (per curiam).

That's precisely what occurred here. After concluding that the government had carried its burden to show that the enhancement applied, the district court noted that Haskin's Guidelines range with the enhancement was 57–71 months in prison and that, without the enhancement, his range would have been 37–46 months in prison. Immediately after making this observation, the district court explained that, "[r]egardless of the guideline range, the Court has determined what I believe to be the fair sentence in the case, and it constitutes a downward variance from the guidelines as calculated." It then said that a forty-eight-month sentence was "sufficient but not

---

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

greater than necessary to meet the statutory sentencing objectives" of 18 U.S.C. § 3553(a). To drive the point home even further, the court observed a short time later that it considered forty-eight months appropriate "regardless of how I calculate the guidelines." These statements make clear that the court intended to sentence Haskin to forty-eight months' imprisonment whether the enhancement applied or not. *See United States v. Hamilton*, 929 F.3d 943, 948–49 (8th Cir. 2019). The error in calculating the Guidelines range was therefore harmless.

Affirmed.

_____