# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3165
_____

United States of America

*Plaintiff - Appellee*

v.

Keith D. Miles, also known as Keith Darion Miles, also known as Slick

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: March 16, 2022
Filed: March 23, 2022
[Unpublished]
_____

Before GRUENDER, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Keith Miles appeals after he pleaded guilty to drug and gun offenses, and the district court[1] sentenced him to an aggregate sentence of 144 months in prison, to be

_____

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

followed by five years of supervised release.  His counsel has moved for leave to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), asserting the district court erred in determining Miles was a career offender under the United States Sentencing Guidelines.

Having reviewed the record, we conclude any potential procedural error in applying the career offender guideline was harmless.  *See* Fed. R. App. P. 52(a); *United States v. Dace*, 842 F.3d 1067, 1069 (8th Cir. 2016) (per curiam) (explaining the standard of review).  The district court stated the guideline range based on the career offender classification did not provide the basis for its decision, acknowledged the alternative advisory guideline range, adequately explained its decision based on other 18 U.S.C. § 3553(a) factors, and ultimately imposed a sentence "regardless of the guideline calculation." *See Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016) (explaining an incorrect range may be harmless in cases where the record shows "the district court thought the sentence it chose was appropriate irrespective of the Guidelines range" and based it "on factors independent of the Guidelines"); *United States v. Hamilton*, 929 F.3d 943, 948 (8th Cir. 2019) (concluding any Guidelines miscalculation was harmless when the district court stated it imposed the sentence based on § 3553(a) factors and "'regardless of the calculation of the sentencing guidelines'"); *United States v. Garrett*, 898 F.3d 811, 818 (8th Cir. 2018) (concluding any error in the defendant's career offender classification was harmless when the district court explicitly disavowed the Guidelines and extensively discussed the § 3553(a) factors, including the circumstances of the defendant's present and prior offenses).  Finally, we have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no nonfrivolous issues for appeal.

Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____