United States Court of Appeals

For the Eighth Circuit

_____

No. 22-2663

_____

United States of America

*Plaintiff - Appellee*

v.

Ronald D. Houston, also known as Hassan Blue, also known as Ron Reezy, also known as Ron Ron

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 10, 2023
Filed: July 20, 2023
[Unpublished]

_____

Before GRUENDER, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Ronald Houston received a 120-month prison sentence after he pleaded guilty to possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). Although he claims his prior conviction does not count as a "crime of violence," U.S.S.G. § 2K2.1(a)(3),

we affirm because the district court[1] explained that it would have imposed the same sentence anyway.

The legal question that Houston wants us to address is whether the felony version of resisting arrest by force, *see* Mo. Rev. Stat. § 575.150.1, is a "crime of violence," U.S.S.G. § 4B1.2(a). The answer does not matter, however, because any error was harmless. *See* Fed. R. Crim. P. 52(a); *see also United States v. Kemp*, 908 F.3d 1138, 1140–41 (8th Cir. 2018).

The district court made clear at sentencing that, "regardless of how" it "calculated the [G]uideline[s] range," Houston would receive the same 120-month sentence. *See United States v. Marin*, 31 F.4th 1049, 1056 (8th Cir. 2022) ("Incorrect application of the Guidelines is harmless error where the district court specifies the resolution of a particular issue did not affect the ultimate determination of a sentence." (citation omitted)). It also gave reasons, including the fact that Houston created a "risk of harm to others" and had resisted arrest before. *See* 18 U.S.C. § 3553(a) (explaining that the district court "shall consider . . . the nature and circumstances of the offense and the history and characteristics of the defendant"). In light of this "alternatively imposed" sentence, *United States v. White*, 863 F.3d 1016, 1020 (8th Cir. 2017) (citation omitted), we need not decide the crime-of-violence question. *See United States v. Grimes*, 888 F.3d 1012, 1017 (8th Cir. 2018).

We accordingly affirm the judgment of the district court.

———————————————

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.